HENRY PARISH, Individually, and as Executor, etc., of DANIEL
PARISH, Deceased, and Others, Respondents, *v.* SUSAN DELAFIELD
PARISH and Others, Defendants.

## JACOB ROTHSCHILD, Appellant.

*Purchaser under a judgment in partition — relieved from his purchase where guardians* ad litem *for infant defendants were connected in business with the attorneys for adverse parties — who is an " adverse party."*

Rule 49 of the General Rules of Practice, which provides, " No person shall be appointed guardian *ad litem* " unless he " has no interest adverse to that of the infant, and is not connected in business with the attorney or counsel of the adverse party," should be construed in its broadest sense, and when so construed the term " connected in business" with the attorney or counsel of the adverse party contemplates any kind of business association and includes clerks as well as partners.

The terms " interest adverse" and " adverse party " should receive a similar construction, and the rule should not be limited to cases wherein it has been adjudged that the interests of the infant are or are not adverse, but should be applied as well to cases in which that question is involved.

In an action to partition real property passing under the 3d paragraph of the will of Daniel Parish it appeared that the testator devised the property to his two daughters, Susan D. Parish and Helen Parish, for life, and directed that after the termination of such life interest the property should be sold by his executors and the proceeds be divided equally among his children then living (excepting one son) and the issue, if any, of such as should have died, the issue of any deceased child taking their parent's share *per stirpes.* At the end of such paragraph was a statement that the testator desired his daughters to be able to maintain their usual style of living, and it was under this provision that the action was sought to be maintained.

Certain infant great grandchildren of the testator, whose interests depended upon the death of their grandfather or grandmother, as the case might be, prior to the death of the survivor of the two life tenants, were made parties to the action. The attorney for the plaintiffs was a clerk in the office of a firm of lawyers who appeared for the adult defendants, and a member of this firm appeared for some of the infant defendants, while another clerk in their office appeared for other infant defendants. The questions litigated in the action included the construction of the will, the right to maintain the action and the time of the sale.

*Held,* that the infant defendants were necessary parties to the action and were entitled to be represented by guardians *ad litem* who were in no way connected in business with the attorney for parties who had rights which were or might be adverse to those of the infants;

FIRST DEPARTMENT, DECEMBER TERM, 1902.          [Vol. 77.

That, as the infants had not been represented by proper guardians *ad litem,* the purchaser at the partition sale was entitled to be relieved from his purchase, notwithstanding that it appeared from the terms of the judgment that, even if the infants had been represented by proper guardians *ad litem,* the infants could not have changed the judgment rendered or have prevented the sale from taking place.

APPEAL by Jacob Rothschild, the purchaser at a partition sale had in the above-entitled action, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of August, 1902, denying the appellant's application to be relieved from his purchase.

The sale was made in pursuance of an interlocutory judgment in the usual form. At the time appointed for the closing the bidder declined to take title upon the ground that it is not marketable. The property in question was part of the estate of Daniel Parish, deceased, who, by the 3d paragraph of his will, devised the same to his two daughters, Susan D. Parish and Helen Parish, for life, and directed that, after the termination of such life interests, the property should be sold by his executors and the proceeds divided equally among his children then living (excepting one son), and the issue, if any, of such as might have died, share and share alike, the issue of any deceased child taking the share the parent would have taken if alive, *per stirpes.* At the end of said 3d paragraph is the statement by the testator of his intention that he desires his daughters to be able to maintain their usual manner of living.

Construing this paragraph, the referee on title has found — and this has been confirmed by the interlocutory judgment — that apart from the interests of the life tenants, the share or interest of each of the other parties to the action is in the proceeds of the sale of the property and not in the real estate. Guardians *ad litem* were appointed to represent the several infant defendants, who are all great grandchildren of the testator, and whose interests depend upon the death of a grandfather or grandmother, as the case may be, prior to the death of the survivor of the two life tenants.

The attorney for the plaintiffs was a clerk in the office of a firm of lawyers who appeared for the adult defendants; and a member of this firm appeared for some of the infant defendants, while

another clerk in their office appeared for others of the infant defendants. One of the objections made by the purchaser on the sale was that rule 49 of the General Rules of Practice has been violated in the appointments made of the guardians *ad litem,* which rule, so far as applicable provides: "No person shall be appointed guardian *ad litem,* either on the application of the infant or otherwise," unless he has certain qualifications, "and has no interest adverse to that of the infant, and is not connected in business with the attorney or counsel of the adverse party."

This objection, with others, was overruled, and the application of the purchaser to be relieved from his purchase was denied, and from the order thereupon entered he appeals.

*John J. Crawford,* for the appellant.

*Edward C. Parish,* for the respondents.

O'BRIEN, J. :

Rule 49 of the General Rules of Practice, having for its object the protection of infants, must, so far as its language is susceptible of extension, be construed in its broadest sense ; and so construed, we think the term "connected in business" with the attorney or counsel of the adverse party, contemplates any kind of business association and, therefore, would include clerks as well as partners. What the rule was intended to secure is the appointment of a guardian who has no business association with those representing adverse interests, so that the infant might obtain the benefit of the free and independent judgment of the one selected to protect his rights. A similar construction, we also think, must be given to the expressions in the rule, "interest adverse" and "adverse party." So construed, the rule is not to be limited to cases wherein, as the result of an adjudication, it has been held that the interests of the infant are or are not adverse ; but is applicable as well to cases where the question of whether the interests of the infant are or are not adverse is involved.

Applying the rule as thus construed to the facts here, we may agree, for the sake of argument, with the respondents in holding that, as the judgment has determined that the infants could not prevent a sale, the right to enforce which was granted by section

1532 of the Code of Civil Procedure, therefore, the infants had no interest in the property itself as such, but only in the proceeds of the sale. Yet, granting all this, we think that the infants were entitled to be represented by guardians who were in no sense related in business to the counsel or party whose effort was directed to bringing about at this time the sale of the property.

That such a sale was an advantage to the life tenants is easy to infer from the character of the property, which in its present condition could not be readily rented so as to produce an income equal to that which could be secured by obtaining the value of the land and investing the same in some other form. And it is only because of the construction of. the 3d paragraph of the will, wherein support is found for the contention that the life tenants are entitled to deal with the property so as to enable them to maintain their usual manner of living, that they had the right to elect to change the form of the trust fund and, by so doing, destroy the outstanding power of sale, which, under the terms of the will, was not to be exercised by the executors until the termination of the life estates. The questions, therefore, which were involved in their right to maintain this suit in partition included not alone a construction of the will, but also of section 1532 of the Code of Civil Procedure.

In a partition suit, so brought, we think it clear that not only the adults, but those infants who were represented by guardians, were both proper and necessary parties. In other words, in order to determine and cut off their rights and to conclude them upon the election which the plaintiffs made by bringing this action, it was necessary that they should be parties. Although it is true that the infants were not to take the property itself, but only an interest in the proceeds when it was sold, if they survived those entitled to receive the same at the date of distribution, still the question of the time of sale in addition to the other questions was important. While the present sale was of advantage to the life tenants, it might be a disadvantage to the remaindermen, considering the situation of the property, which, if retained, might greatly enhance in value and be worth much more than it now is, if sold hereafter upon the death of the last surviving life tenant. They may have been powerless to prevent such sale at this time, but on the question of whether or not it should now take place they were entitled to be heard.

The questions, therefore, of the construction of the will, of the right to maintain the action, and of the time of the sale, were involved; and though it be concluded that upon all these the infants could not have changed the judgment rendered, or have prevented the sale from taking place, still, as necessary parties, they were entitled to be heard upon these questions, and the attitude which they would in all probability have assumed would be in hostility to a sale at the present time. Thus, having a right to their day in court and the right to be heard upon the questions involved, even though it may be concluded, which it is unnecessary for us to determine, that they could not make any effective resistance to the sale at this time, they were entitled to appear, and the rule required that they should, upon such a hearing, be represented and have the judgment and advice of a guardian in no way connected in business with the attorney for parties who had rights which were or might be adverse in any way to theirs.

If it be conceded, as we think it must, that the conduct of the plaintiffs in forcing a sale of the property at this time was to the advantage of the life tenants and likely to result in injury to the remaindermen, and if further there was presented a question upon which the infants were entitled to be heard as necessary parties, it follows, we think, regardless of whether they could or could not eventually succeed in maintaining their position, that they were entitled to their day in court, and entitled to be represented by guardians who had no connection in business with those who were concerned in maintaining an adverse position.

The fact that the judgment rendered, if affirmed, shows that they could not prevent the sale and could not have changed the judgment, we regard as immaterial upon the question which we are called upon to decide, because, if in an action in which a judgment is rendered one is a necessary party and entitled to be heard, he cannot be deprived of those rights, even though it be concluded that the result without his presence and without a hearing would be precisely the same.

Undoubtedly, the conduct of those who applied for the appointment of the guardians, as well as their consenting to act, was affected by the opinion they entertained that the interests of the infants could not be adverse because they would be unable to prevent at this time

a sale of the property, and this opinion has been sustained by the judgment which has been entered in the action. All this, however, as we have endeavored to point out, is but begging the real question, which turns not upon what may ultimately be decided as to the infants' rights, but upon whether or not they were necessary parties, entitled to be heard in an action in which their rights and those who brought them into court are not identical.

Where, therefore, as here, the interests of the life tenants and the interests of the infants as contingent remaindermen are likely to conflict, and an action is brought in which those conflicting interests are involved and to which the infants are necessary parties, we find no avenue of escape from the conclusion that, unless the infants are represented by guardians who possess the necessary qualifications and are free from the objections stated in the rule, the situation is the same as though no guardian had been appointed and no hearing had in their behalf. The judgment thus being voidable as to some of the infant defendants, for the reason that they were not represented by duly qualified guardians *ad litem*, it follows that this objection of the purchaser is good, and that he is entitled to be relieved from his bid.

We think that the order appealed from must accordingly be reversed, with ten dollars costs and disbursements, and the application of the purchaser to be relieved granted, with ten dollars costs.

VAN BRUNT, P. J., PATTERSON, MCLAUGHLIN and LAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.