Henry Parish, Individually and as Executor of Daniel Parish, Deceased, et al., Appellants, v. Susan Delafield Parish et al., Defendants.

Jacob Rothschild, Respondent.

1. Practice — Application to Be Relieved from Purchase at Partition Sale Is a Special Proceeding — Appeal — When Order of Appellate Division Reversing Order of Special Term Therein Can Be Reviewed by the Court of Appeals. An application by a purchaser of real property at a partition sale to be relieved from his purchase is a special proceeding, and an order of the Appellate Division reversing, solely upon questions of law, an order of the Special Term denying such application, made after final judgment confirming the sale had been entered in the action, is reviewable by the Court of Appeals.

2. Partition — Appointment of Guardian ad Litem — Judgment of Sale Cannot Be Attacked Collaterally for Error in Appointment. While the Supreme Court, having jurisdiction of an action in partition and the parties therein, has the power and it is its duty, on a direct application, to vacate orders appointing guardians ad li'em for infant defendants, or on appeal from such orders to set the appointments aside, because made in violation of the rule of the Supreme Court (Rule 49) providing that "no person shall be appointed guardian ad litem" who is "connected in business with the attorney or counsel of the adverse party," an error of the court in this respect, where the proceedings on their face appear to be entirely regular, does not deprive the court of jurisdiction or render the interlocutory judgment directing the sale voidable; such error can be corrected only by appeal or by motion to set aside the orders appointing the guardians ad litem.

3. Same — Where Objection that Action Is Defeated by Power of Sale in Will of Common Ancestor Does Not Affect Title to Property Sold. Where every person in existence having any interest, vested or contingent, in the property was made a party to the action, the objection, raised at the trial, that a power of sale, conferred by the will of the common ancestor of the parties, defeated the right to maintain an action in partition, does not affect the jurisdiction of the court or render

its judgment of sale voidable, but presents a question for the determination of the court which, by its judgment, is conclusively settled as to the parties to the action.

4. Same — Parties to Action Concluded by Judgments Therein — When Purchaser at Sale Cannot Be Relieved from his Purchase. Where, in such action, the interlocutory judgment determining the interests of the parties and directing the sale has not been vacated, and a final judgment confirming such sale has been entered in the action and remains in full force and effect, the determination of the trial court is conclusive upon all the parties to the action; the purchaser, therefore, acquires an indefeasible title to the property sold under the judgment of sale and cannot be relieved from his purchase.

*Parish* v. *Parish*, 77 App. Div. 267, reversed.

(Argued April 27, 1903; decided May 22, 1903.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial deparment, entered December 13, 1902, which reversed an order of Special Term denying the application of the purchaser at a partition sale to be relieved from his purchase.

The facts, so far as material, are stated in the opinion.

*Edward E. Sprague* and *Edward C. Parish* for appellants. The order is appealable. (*Merges* v. *Ringler*, 158 N. Y. 701 ; *Kingsland* v. *Fuller*, 157 N. Y. 507.) The court did not violate rule 49 in the appointment of guardians *ad litem*. (*Brevoort* v. *Brevoort*, 70 N. Y. 136 ; *Smith* v. *Smith*, 10 Paige, 470 ; *Hayward* v. *Judson*, 4 Barb. 228 ; *Gallie* v. *Eagle*, 65 Barb. 583 ; *Huntington* v. *Huntington*, 9 Civ. Pro. Rep. 182 ; *Tilton* v. *Vail*, 42 Hun, 638 ; 53 Hun, 324 ; *Eisner* v. *Curiel*, 2 App. Div. 522 ; *Ackley* v. *Dygert*, 33 Barb. 176.) The appellants are not concerned with any possible violation of rule 49. (*Sproule* v. *Davies*, 171 N. Y. 277 ; *Matter of Central Park*, 16 Abb. Pr. 56 ; *Matter of N. Y., W. S. & B. R. Co.*, 35 Hun, 575 ; *Dederer* v. *Voorhies*, 81 N. Y. 153 ; *Matter of Baker*, 173 N. Y. 249 ; *Hecker* v. *Sexton*, 43 Hun, 593.)

*Grenville T. Emmet* for Irving Bowdoin Kingsford et al., appellants. All the necessary parties were before the court

and the infants were represented by guardians *ad litem*, who were "competent and responsible persons," as provided by statute (Code Civ. Pro. § 471). The action being one for partition, the Supreme Court had complete jurisdiction of the subject-matter and of the parties, and the parties are all bound by the judgment, which cannot be attacked collaterally. (*Blakely* v. *Calder*, 15 N. Y. 617; *Clemens* v. *Clemens*, 37 N. Y. 59; *Howell* v. *Mills*, 56 N. Y. 226; *Sullivan* v. *Sulvan*, 66 N. Y. 37; *Brevoort* v. *Brevoort*, 70 N. Y. 136; *Jordon* v. *Van Epps*, 85 N. Y. 427; *Cromwell* v. *Hull*, 97 N. Y. 209; *Woodhull* v. *Little*, 102 N. Y. 165; *Croghan* v. *Livingston*, 17 N. Y. 218; *Martine* v. *Lowenstine*, 68 N. Y. 456.)

*Messmore Kendall* for John Dalrymple Belgrave et al., appellants.

*John J. Crawford* for respondent. The application was addressed to the discretion of the Supreme Court, and the order is not appealable to the Court of Appeals. (*Hale* v. *Clauson*, 60 N. Y. 339; *Crocker* v. *Gollner*, 135 N. Y. 662; *Matter of Baer*, 147 N. Y. 348; *Crane* v. *Stiger*, 58 N. Y. 625; *Dennerlein* v. *Dennerlein*, 111 N. Y. 518.) As the application involved the interpretation of a rule of the Supreme Court, the decision of that court should be final. (*Stanton* v. *Kinsey*, 151 Ill. 301; *Baldwin* v. *S. L., K. & N. Ry. Co.*, 75 Iowa, 297; *Brennan* v. *P. Ins. Co.*, 148 Penn. St. 199; *S. L. M. L. Ins. Co.* v. *Bd. of Assessors*, 56 Mo. 503; *McLane* v. *Hoffman*, 164 Penn. St. 491; *H. C. Co.* v. *Latimer*, 165 Penn. St. 617.) Two of the guardians *ad litem* were disqualified under rule 49. (*Matter of Cutting*, 38 App. Div. 248; *Hecker* v. *Sexton*, 43 Hun, 593.) The title is not marketable for the reason that the power of sale given to the executors in trust to be executed after the termination of the life estates is not extinguished by the judgment in the partition suit. (*Moncrief* v. *Ross*, 50 N. Y. 431; *Delaney* v. *McCormack*, 88 N. Y. 174; *Eisner* v. *Curiel*, 2 App. Div.

522; *Greenland* v. *Waddell*, 116 N. Y. 234;, *Salisbury* v. *Slade*, 160 N. Y. 278; *Horsfield* v. *Black*, 40 App. Div. 264; *Thompson* v. *Remsen*, 32 Misc. Rep. 552; *Mott* v. *Ackerman*, 92 N. Y. 539; *McDonald* v. *O'Hara*, 144 N. Y. 566.)

CULLEN, J.    The order of the Appellate Division is appealable to this court.   This has been so held in three recent cases. (*Holme* v. *Stewart*, 155 N. Y. 695; *Kingsland* v. *Fuller*, 157 N. Y. 507; *Merges* v. *Ringler*, 158 N. Y. 701.)   An application to compel a purchaser to take title and that of a purchaser to be relieved from his bid are regarded as special proceedings. When the applications involve questions of fact or the exercise of discretion, the determination of such questions cannot be reviewed here; but when they present solely questions of law their examination is open to this court; so in *Kingsland* v. *Fuller* (*supra*) an order of the Appellate Division affirming an order of the Special Term denying a motion to compel the purchaser at a foreclosure sale to complete his purchase was reversed and the application granted.

In the case before us the application was made in an action for a partition of certain real property which came to the parties through the will of their ancestor, Daniel Parish.   A number of the defendants were infants.   Guardians *ad litem* were appointed for these infants either on their application or on that of their parents, in no instance on the application of the plaintiff.   An interlocutory judgment was rendered declaring the interest and title of the parties and directing a sale of the premises.   The sale was had at which the respondent became the purchaser and final judgment was entered in the action confirming the sale.   The respondent raised two objections to the title, on the strength of which he asked to be relieved from his purchase.   First, that certain of the guardians *ad litem* were appointed in violation of rule 49 of the Supreme Court, which provides that "no person shall be appointed guardian *ad litem*" who is " connected in business with the attorney or counsel of the adverse party."   Second, that the power of

sale which the will directed the executors to exercise after the death of certain life tenants for the distribution of the proceeds of sale among the remaindermen was a bar to the right of the plaintiff to maintain an action for partition.

It appears by the opinion rendered that the first was the ground on which the decision of the court below proceeded. It may be assumed that as to certain of the guardians, the affidavits show that their appointments were made in violation of the rule, and it may also be conceded that the proper interpretation of those rules should largely rest in the judgment of that court by which they were formulated. Hence, had the court below on a direct application to vacate the orders appointing those guardians, or on an appeal from those orders, set the appointments aside, we should in no way have interfered with their determination. But the question presented on this application is of an entirely different character. It is how far the title of a purchaser is affected by the erroneous action of the trial court in misinterpreting or failing to comply with the rules of the court in the appointment of a guardian *ad litem* where the proceedings on their face appear to be entirely regular. Doubtless it was the duty of the trial court to appoint as guardian for each of the infants a person competent to protect his interests and not connected with the attorney or counsel for the adverse party. But who was to determine these facts and qualifications? Plainly, the court to whom the application was made. The order of the court appointing the guardians *ad litem* recites that it satisfactorily appears to the court that the person appointed had no interest adverse to that of the infant defendants and that he was not in business with the attorney or counsel for the plaintiffs or any adverse party. If the court erred in this determination it did not deprive the court of jurisdiction or render the judgment voidable, but, like any other error, was to be corrected only by direct attack, that is to say, by appeal or by motion to set the order aside. The parties are also concluded by the final judgment which confirmed the sale. Two recent decisions of this court we think are decisive of the

question that has been discussed. In *Corbin* v. *Baker* (167 N. Y. 128) a trustee became the purchaser at a partition sale. It was held that the final judgment confirming the sale precluded the title of the purchaser from being subsequently impeached on the ground of his fiduciary relations to the infant parties. In *Sproule* v. *Davies* (171 N. Y. 277) the judgment, in violation of the statute prescribing that such sales should be made by the sheriff of the county, directed the execution of a foreclosure sale by a referee therein named. It was held that this irregularity did not affect the title of the purchaser and he was required to complete his purchase.

The objection that the power of sale conferred by the will defeated the right to maintain an action in partition involves considerations closely akin to those already discussed. Assuming that the contention as to the effect of this power is well founded, nevertheless, that was one of the very questions to be determined in the action. It did not affect the jurisdiction of the court, but presented a question which it was called upon to decide, and which by its judgment was conclusively settled as to the parties to the action. Every person in existence who has or in any contingency may hereafter have an interest in the property has been made a party to the action. In *Blakeley* v. *Calder* (15 N. Y. 617) an action in partition was brought by a remainderman in an undivided share. It was held that a purchaser at a sale under the judgment rendered in the action acquired a perfect title regardless of the question whether a tenant in common and remainder could, under the Revised Statutes, maintain an action for partition or not. The case of *Brevoort* v. *Brevoort* (70 N. Y. 136) closely resembles the one before us. It was an action in partition where the plaintiff had a present estate *per autre vie* in an undivided share of the property and a contingent remainder in fee in another undivided share of the same property. In that case as in the one before us there were contingent interests which might subsequently accrue to persons not in being at the time of the action. Every person in being having an

interest vested or contingent in the property was made a party to the action. The judgment directed the sale of the property and the purchaser sought to be relieved on the ground that his title might be impeached by persons thereafter coming into existence. It was held that the judgment was conclusive not only upon all parties to the action, but as to all those who might thereafter come into being and be entitled to any estate or interest in the premises. The decision in that case controls the disposition of the one before us.

There are some expressions in the opinion of the learned Appellate Division indicating a view on the part of the court that a present sale though advantageous to the life tenant might be injurious to the remainderman. If the court had concluded that the rights of the infants had been prejudiced by the failure of their guardians to properly defend them, it might very well be that it could have appointed a person to act as *amicus curiœ,* directing him to apply for a vacation of the judgment and for an order setting aside the appointment of the guardians *ad litem* and for the appointment of other persons in their stead. If for the purpose of enabling such application to be made it had vacated the sale, with its discretion we would not have interfered. But the judgment of the Trial Term in all respects remains in full force and effect. If it is to stand undisturbed there is no reason why the respondent should not complete his purchase, for by the sale under that judgment he will acquire an indefeasible title.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, VANN and WERNER, JJ., concur; BARTLETT, J., absent.

Order reversed, etc.