HENRY PARISH, Individually and as Executor, etc., of DANIEL
PARISH, Deceased, and Others, Appellants, *v.* SUSAN DELAFIELD
PARISH, Appellant, Impleaded with Others, Defendants.

### JACOB ROTHSCHILD, Respondent.

*A judgment entered on a remittitur must conform thereto — the court below cannot*
*authorize any change therefrom — a judicial sale is a contract made with the*
*court — a purchaser required by an appellate court to complete it must do so as of*
*the time when required by the terms of sale.*

A judgment entered upon a remittitur of the Court of Appeals must conform to
the terms of such remittitur, and the court below has no authority to make
any change therein.

On a judicial sale, the contract of purchase is, in a literal sense, made with the
court, and the purchaser cannot be relieved from the duty of complying with
the terms of the sale save by the order of the court.

Where, on an appeal to the Court of Appeals, the latter court affirms an order
denying a motion by the purchaser at a judicial sale to be relieved from his
purchase, the effect of such order is to require the purchaser to complete his
purchase as of the date when he should have completed it under the terms of
sale, and he is necessarily chargeable with the interest which has accrued and
with the incumbrances which have become liens upon the property by operation
of law since that time.

In such a case an order requiring the purchaser to complete his purchase on a
certain day does not have the effect of an adjudication that he shall complete
his purchase as of that time, but, on the contrary, it should contain a recital
that on the date named he should complete his purchase as of the day when
he was required to do so by the terms of sale.

APPEAL by the plaintiffs, Henry Parish, individually and as exec-
utor, etc., of Daniel Parish, deceased, and others, and by the defend-
ant, Susan Delafield Parish, from an order of the Supreme Court,
made at the New York Special Term and entered in the office of
the clerk of the county of New York on the 7th day of July, 1903,
in so far as said order directs that the closing of the title to certain
property purchased at a partition sale shall be "as of the date named
in the judgment herein, to wit, the 22d day of June, 1903."

*Edward C. Parish,* for the plaintiffs, appellants.

*Grenville T. Emmet,* for the defendant, appellant.

*John J. Crawford,* for the respondent.

Hatch, J. :

This action was brought for the partition of certain real property in the city of New York. Jacob Rothschild, the respondent herein, purchased the property at the partition sale duly held on the 27th day of May, 1902. He subsequently attempted to be relieved from his bid and made a motion for that purpose at Special Term. This motion was denied and he was directed to complete his purchase. Rothschild then appealed to this court, and this court reversed the order (77 App. Div. 267). An appeal was then taken to the Court of Appeals, where the judgment of the Appellate Division was reversed (175 N. Y. 181). An order was thereupon made, upon the coming down of the remittitur of the Court of Appeals, that the judgment of the Court of Appeals be made the judgment of the Supreme Court, and fixing June 22, 1903, as the day for Rothschild to take title, and a judgment was duly entered pursuant to the directions of said order. Thereafter Rothschild failed to obey the order and judgment and made a motion to vacate the final judgment in partition. The Special Term denied this motion, and Rothschild has appealed therefrom to this court, which appeal has not yet been determined. After the failure of Rothschild to obey the order of the Supreme Court, directing him to take title on June 22, 1903, and after the denial of his motion to have the final judgment in partition vacated, the plaintiffs made a motion to compel him to take title on or before a certain date, or in the event of his failure so to do that the referee resell the property and that Rothschild be held for any deficiency arising upon the resale. The Special Term granted this motion and directed that unless Rothschild complete the purchase on or before October 1, 1903, the referee should resell the premises according to the provisions of the original terms of sale at any time after the 15th day of October, 1903. This order contained another clause, directing Rothschild to take title and to "accept a deed from Robert Grier Monroe, Esq., the referee to sell herein, as of the date named in the judgment herein, to wit, the 22d day of June, 1903." From this latter part of the order above set forth these appeals are taken. The appellants contend that Rothschild should be compelled to take title as of August 11, 1902, the day upon which he would have taken title in accordance with the terms of sale.

Had the purchaser completed the terms of his contract of purchase at the date when the terms of sale required, he would, of course, become chargeable with all of the incumbrances imposed upon the property in the shape of taxes and other obligations which became liens thereon, while the owner of the property would have had the benefit of the use of the purchase price from that time. Stripped of all verbiage the judgment of the court was that upon the date required by the terms of the bid he should have completed his purchase and taken title. The effect of the judgment of the Court of Appeals was an adjudication that he pay the purchase price and take title as of the date when he was required so to do by the terms of sale. Upon the remittitur coming down judgment was required to be entered in conformity with it, and the court below had no authority to make any change therein. ( *Wilkins* v. *Earle*, 46 N. Y. 358.) By becoming a purchaser at a judicial sale, the contract of purchase is in literal sense made with the court, and there was no authority to relieve the purchaser from the terms of the sale, save by the order of the court. (*Mitchell* v. *Bartlett*, 51 N. Y. 447.) When his application in that respect was denied, he became absolutely bound to fulfill it and complete his purchase as of the date when he ought to have completed it. The judgment upon the remittitur in substantial language provided that the purchaser should pay the purchase price to the referee "in accordance with the terms of sale heretofore duly signed by him." As the time had gone by in which he could complete the purchase according to the terms of sale, it was quite proper that a date be fixed within which he should make compliance with the judgment. The fixing of this date, however, did not have the effect of adjudicating that he complete his purchase as of that time. On the contrary, its sole purpose was to give him notice that upon a given date he should comply with the terms of the judgment and complete the purchase as of the time when he was required by law to take the property in accordance with the terms of sale. To hold otherwise would enable the purchaser to take advantage of his own wrong. He ought to have completed the purchase on a given date. He failed to fulfill his obligation in that respect and appealed to the court to be relieved. The court denied his application, and the judgment required him to fulfill the terms of his contract, and that contract required that he

pay the purchase money and take title as he should have done in the first instance. His failure to comply with the first order fixing another day when he should pay and take title did not authorize the court to order that he complete his purchase as of another date and without regard to the obligations he was under to fulfill his contract. In this respect the order appealed from was without authority under the terms of sale or of the judgment which denied the purchaser's application to be relieved from his purchase. He is required now to complete his contract of purchase as of the date when he should have completed it, and is necessarily chargeable with the interest which has accrued during the intervening period, and of the incumbrances which have become liens upon the property by operation of law.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion should be denied, with ten dollars costs, and the plaintiffs have leave to apply at Special Term to fix a day, under the judgment, when the purchaser shall complete his purchase, which order shall recite that on the date named he complete the purchase as of the day when his contract and the judgment of the Court of Appeals required him to complete.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to plaintiff to apply at Special Term to fix a day under the judgment when the purchaser shall complete purchase, which order shall recite that on the day named he complete the purchase as of the date when his contract and the judgment of the Court of Appeals required him to complete.