## In re HOPKINS' WILL.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. APPEAL—REMITTITUR—SURROGATE'S ORDER—PROPRIETY.

Code Civ. Proc. § 194, provides that the judgment or order of the Court of Appeals must be remitted to the court below to be enforced according to law. A surrogate's decree admitting a will to probate was affirmed by the Appellate Division, but reversed by the Court of Appeals, and the proceedings remitted for a jury trial on the issue of revocation. *Held*, that recitals in the surrogate's order entered on such remittitur, reversing the order of affirmance of the Appellate Division and directing a new trial to be had in the Supreme Court of the county before a jury, etc., though improper, were matters of surplusage, which did not vitiate the order.

2. TEMPORARY ADMINISTRATOR—PROBATE OF WILL—APPEAL—PROPRIETY OF AP-POINTMENT.

Code Civ. Proc. § 2582, provides that an appeal from a decree admitting a will to probate does not stay the issuing of letters where, in the surrogate's opinion manifested by an order, the preservation of the estate requires it, and in case letters shall have been issued before such appeal the executor, "on a like order of the surrogate," may exercise the powers and authority therein provided. Section 2670 authorizes the appointment of a temporary administrator when for any cause delay necessarily occurs in probating a will. *Held*, that the reversal by the Court of Appeals of a surrogate's decree admitting a will to probate, with a direction for jury trial on the issue of revocation, was such a delay as authorized the appointment of a temporary administrator, notwithstanding section 2582.

Appeal from Surrogate's Court, Westchester County.

Proceedings by Fanny W. Hopkins for the probate of the will of Robert E. Hopkins, deceased. From an order of the surrogate's court denying a motion to vacate an order entered on a remittitur from the Court of Appeals and orders appointing temporary administrators (83 N. Y. Supp. 890), proponent appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-WARD, JENKS, and HOOKER, JJ.

Andrew J. Shipman (Charles Blandy, on the brief), for appellant.

Joseph W. Middlebrook, special guardian for respondent Robert E. Hopkins, Jr.

WILLARD BARTLETT, J. In August, 1901, an instrument propounded as the last will and testament of Robert E. Hopkins, deceased, was admitted to probate by a decree of the surrogate's court of Westchester county. In June, 1902, the decree was affirmed by this Appellate Division. Matter of Hopkins' Will, 73 App. Div. 559, 77 N. Y. Supp. 178. In November of the same year the order of the Appellate Division and the decree of the surrogate's court were reversed by the Court of Appeals, and the proceedings were remitted to Westchester county for a trial before a jury in the Supreme Court, to determine whether the will in question had been revoked by the testator. Matter of Hopkins' Will, 172 N. Y. 360, 65 N. E. 173, 92 Am. St. Rep. 746. After the reversal by the Court of Appeals, Fanny W. Hopkins, the widow of the decedent, applied to the surrogate's court for the appointment of a temporary administrator, and the Farmers' Loan & Trust Company was appointed. Before entering upon

the discharge of its duties, however, that corporation resigned, and Mrs. Hopkins herself was thereafter appointed temporary administrator in its place and stead, and gave a bond in the penal sum of $2,000,000 for the faithful performance of her duties. Subsequently the issue as to the alleged revocation of the will was tried before a jury in Westchester county, and a verdict was rendered in favor of the proponent. The widow then made a motion to vacate the order of the surrogate's court, entered upon the remittitur from the Court of Appeals, the order appointing the Farmers' Loan & Trust Company temporary administrator, and, finally, the order by which she herself was appointed temporary administrator in the place of that corporation. From an order refusing to vacate these orders or any of them, the present appeal is taken.

1. As to the order entered upon the remittitur of the Court of Appeals. Section 194 of the Code of Civil Procedure provides as follows: "The judgment or order of the Court of Appeals must be remitted to the court below, to be enforced according to law." The judgment of the Court of Appeals in this case directed that the order of the Appellate Division and the decree of the surrogate's court should be reversed, and the proceedings remitted to Westchester county for a trial before a jury in the Supreme Court, to determine whether the will in question was revoked by the testator. It further ordered "that the record aforesaid and the proceedings in this court be remitted to the surrogate's court of Westchester county, there to be proceeded upon according to law." When this remittitur came to the surrogate's court it was the duty of the surrogate to cause a decree to be entered in conformity with it, and he was without authority to make any change therein. Parish v. Parish, 87 App. Div. 430, 84 N. Y. Supp. 506. Upon its receipt it would probably have been enough for the surrogate to have limited his order to a declaration making the judgment of the Court of Appeals the judgment of his court. In a strict and accurate sense, it could be made the judgment of the surrogate's court only so far as it dealt with matters originally within the jurisdiction of the surrogate's court to decide; that is, so far as it denied probate pending a further judicial inquiry in the Supreme Court to an instrument which the surrogate had previously admitted to probate. The surrogate's court had no power to reverse the order of affirmance of the Appellate Division, as the order entered upon the remittitur in terms assumes to do. A court of first instance cannot reverse the decision of a superior appellate tribunal. The affirmance by the Appellate Division had been reversed, and could only be reversed, by the Court of Appeals itself. Nor was there any occasion for the surrogate, by the order on the remittitur, to direct "a new trial of this proceeding to be had in the Supreme Court in this county before a jury to determine whether the will in question was revoked by the testator." That direction could properly emanate only from an appellate court. Code Civ. Proc. § 2588; In re Hopkins' Will, Motion for Reargument, 176 N. Y. 595, 68 N. E. 1113. But these matters of surplusage in the order on the remittitur are harmless. They in no wise detract from its efficacy in recognizing and enforcing the decision of the Court of Appeals as to the surrogate's decree, and to

such recognition and enforcement the parties who had succeeded upon the appeal were entitled as matter of right. The surrogate, therefore, properly refused to vacate his order upon the remittitur from the Court of Appeals.

2. As to the order appointing the Farmers' Loan & Trust Company temporary administrator of the estate of the decedent. Section 2670 of the Code of Civil Procedure authorizes the appointment of a temporary administrator when, "for any cause, delay necessarily occurs in the granting of letters testamentary or letters of administration, or in probating a will." This order was made after the order of the Court of Appeals reversing the probate decree and the affirmance thereof by the Appellate Division. Delay was necessarily occurring in probating the will at that time. There could be no probate until and unless a jury in the Supreme Court should determine that the instrument propounded as a will had not been revoked. One of the contingencies expressly contemplated by the statute had happened, and I cannot see why it did not confer jurisdiction upon the surrogate under the section cited. Reliance is placed upon the case of Thomson v. Tracy, 60 N. Y. 174, as authority for the proposition that, notwithstanding the reversal of the surrogate's probate decree, the power of the widow, as executrix, under her original appointment, did not cease until after the determination of the issue of fact sent to the jury. That case, however, was decided under chapter 603, p. 1303, Laws 1871, which, as the learned surrogate pointed out in his opinion, is incorporated to some extent in section 2582 of the Code, but with the addition of this significant paragraph: "And in case letters shall have been issued before such appeal the executor or administrator, on a like order of the surrogate, may exercise the powers and authority, subject to the duties, liabilities, and exceptions above provided." This seems to contemplate an express order of the surrogate to enable the executors to act pending the appeal. That such must have been the view of the widow's legal advisers is manifest from the fact that she herself made the application for the appointment of a temporary administrator which resulted first in the selection of the Farmers' Loan & Trust Company, and finally in the issue of letters of temporary administration to herself.

3. The same considerations apply to the latter order as to the order by which the Farmers' Loan & Trust Company was appointed. The learned surrogate in the course of his opinion discusses the effect of the reversal of the original decree of probate by the Court of Appeals, and intimates that before a new decree can be entered, now that the jury has decided that the will was not revoked, formal proof will have to be taken de novo in the surrogate's court as to the factum of the will. This question does not necessarily arise upon the present appeal, and we are therefore not called upon to decide it.

The order appealed from should be affirmed.

Order of the surrogate's court of Westchester county affirmed, with $10 costs and disbursements. All concur.