## In the Matter of the Estate of SIGMUND WECHSLER, Deceased.

Surrogate's Court, New York County, August 17, 1934.

*Baer & Marks*, for the petitioner Stella Wechsler.

*Greene & Hurd*, for the petitioners Catherine Wechsler and others.

*Gifford, Woody, Carter & Hays*, for the Irving Trust Company.

*Frank, Weil & Strouse* [*Charles Grossman* and *Maurice Rose* of counsel], for Ralph V. Wechsler, as trustee.

FOLEY, S.  This is an application to revoke letters testamentary heretofore issued to Ralph V. Wechsler, and to remove him as cotrustee of the estate, and to reopen three decrees settling respectively the account of the executors and the first and second intermediate accounts of the trustees.  The applicants are the widow of the testator. who is the life tenant of the residuary trust,

created under the will, and the three remaindermen, the children of the testator. Various grounds of removal are alleged involving breach of trust by the executor and by him as cotrustee, and other misconduct in the administration of the estate, claimed to be in violation of the rights of the applicants.

(1) It has been formally admitted by Ralph V. Wechsler, one of the executors of the estate, that he received a secret commission in the sum of $8,700 on the sale of certain real property which constituted an asset of the estate. That ground alone constitutes a sufficient reason for the revocation of the letters testamentary issued to him and for his removal as trustee. The additional ground of removal, discussed in a subsequent part of this decision, has also been established by the evidence submitted to me. Upon the additional ground I have found there is a liability to the estate on his part in the sum of $850. An intermediate decree will, therefore, be made revoking his letters testamentary, removing him as trustee and directing repayment by him to the estate of the total of the foregoing amounts, $9,550. Submit such decree on notice. The decree may also contain a direction that Ralph V. Wechsler and the two other trustees file an account, on or before November 1, 1934, of all transactions to and including the date of removal.

(2) Additional relief is applied for by the applicants to vacate the three decrees settling the accounts of the executors and trustees. The first question on this phase of the proceeding involves the right of Virginia Wechsler Fields to secure this relief. She was an infant at the inception of the accounting proceeding brought on by the executors. She had not attained her majority at the time of the first intermediate accounting of the trustees. Between the time of the completion of the latter proceeding and the beginning of the second intermediate accounting she became of age. It appears that a certain attorney, Louis Levy (now deceased), was appointed as special guardian, pursuant to the provisions of section 64 of the Surrogate's Court Act, upon her nomination in the first two accountings. It has also been shown that he was on terms of friendship and professional association with the executor, Ralph V. Wechsler, and that their offices were in the same building. It has also been established by the evidence that the appointment of the special guardian was accelerated by Ralph V. Wechsler. The compensation allowed to the special guardian by the decree in the executors' accounting was $750. The proceeds of the check of that amount were divided between the special guardian, the executor, Ralph V. Wechsler, and the latter's managing clerk. The guardian received $100, Wechsler received $325 and the managing clerk the balance.

I am convinced that the division of this fee was arranged by Wechsler and was made in advance or simultaneously with the nomination of the special guardian. Moreover, in the face of these facts, the same attorney was nominated as special guardian by the infant upon the suggestion and acceleration of Wechsler in the subsequent first trustee's accounting. The compensation allowed him by the decree was $300. A division again occurred. The guardian was permitted to retain the sum of $100, and the balance of $200 was applied to the benefit of Wechsler.

The proof of these facts has been held by me in the foregoing part of my decision as an additional ground for the removal of the executor and trustee and as a basis of immediate surcharge for the amounts paid to him, or for his account, and to his managing clerk, a total of $850.

A situation of this character requires the severe condemnation of the court. A special guardian is appointed for the protection of the infant and is held to a duty of strict and undivided loyalty to the infant's interest. The Surrogate's Court Act permits an infant over fourteen years of age to nominate his or her own special guardian. In many cases the infant and his parents are in no way connected with the accounting parties or with other parties whose interests are adverse to those of the infant. In such cases, since no adversity of interest exists, it is entirely proper and advantageous to permit the infant to nominate his or her own special guardian. In other cases the appointment of the special guardian of the infant is accelerated by the accounting party or his attorney where an adverse interest exists between the accounting party and the rights of the infant. In such a case the attempt of the attorney for the accounting party to accelerate the nomination of a special guardian is unethical and in derogation of the rights of the infant. Similarly, the conduct of an attorney, who accepts the recommendation of the accounting or other adverse party or his attorney and seeks to obtain appointment as special guardian is unethical. The surrogates of New York county have recently extended the provisions of rule XV of the rules of this court and have required a statement, under oath, by the nominated special guardian that his appointment was not accelerated or suggested by the attorney for the accounting party in the proceeding.

In the present situation the attorney who accelerated and suggested the appointment of the special guardian of the infant was an accounting party as an executor and trustee. He was also the attorney for the three executors and the three trustees. Necessarily his acts in the administration of the estate were required to be scrutinized by the special guardian of the infant remainderman.

His selection as a special guardian necessarily created a divided loyalty in the special guardian which destroyed the latter's competency as a protector of the infant's rights. The papers submitted to the court, which form the basis of the orders appointing the guardian, were regular upon their face and complied with rule XV of the Rules of the Surrogate's Court of the County of New York. If the true facts had been disclosed, especially the suggestion by Ralph Wechsler for the appointment of a particular attorney for the infant and the agreement to divide the compensation or the division of the actual compensation allowed by the previous decree, the special guardian would not have been appointed. (*Heuel* v. *Stein*, 165 App. Div. 14; *Parish* v. *Parish*, 175 N. Y. 181, 185.) As stated by me in the foregoing part of this decision there was at least one breach of trust which had been committed by the executor in the reception of a secret commission on the sale of the real estate. That breach had occurred before the entry of the decree on the accounting of the executors. It is plain that under all the facts presented in the record before the surrogate, the rights of the infant were not adequately protected and there was actual proof of collusion and fraud upon the first two accountings, and the decrees in these proceedings should be reopened in so far as they affect the interest of the former infant. (Surr. Ct. Act, § 20, subd. 6; *Parish* v. *Parish*, 175 N. Y. 181, 187.) Since the third decree upon the trustees' accounting was necessarily based upon the administration of the estate in the two prior accountings, that decree must likewise be reopened as to the former infant.

It is urged that before the decrees are reopened as against all three executors and trustees, evidence of fraudulent acts or specific maladministration of the estate should be shown. I am unable to concur in this contention because of the special circumstances here. It is impossible to determine at this time to what extent the rights of the infant were prejudiced by her special guardian whose divided loyalty has been established. General charges of fraud in the administration of the estate are made by the former infant's attorneys. These charges must necessarily be substantiated by adequate proof before the referee in the contested accounting. If the charges are not substantiated, the Surrogate's Court Act and the rules applicable to contested accountings provide a method of reimbursement for the expenses, including the counsel fees of any one of the executors and trustees who may be shown to be innocent of wrongdoing. Since the widow and the two other children-remaindermen are the sole persons interested in the fund and have consented to the opening of the decrees as to the former infant remainderman, such expenses will be borne exclusively by them.

The decree vacating these decrees may contain a provision authorizing the filing of objections to the various accounts within thirty days.

(3) As to the application of the two other remaindermen to reopen the accounting decrees, a referee will be appointed to take testimony and report as to the validity of the waivers of citation and consents to the entry of the decrees formally executed by them. These two children were of age during the three proceedings. No testimony has been taken before me as to whether these waivers are invalid as claimed, on the ground of fraud, misrepresentation or other sufficient cause.

(4) The same referee will likewise be ordered to take testimony as to the application of Stella Wechsler to reopen the decrees. She was the widow and one of the accounting executors and trustees, and signed and verified the various accounts. The testimony before the referee may disclose that she is estopped by her own conduct or acquiescence from obtaining the relief which she seeks.

Submit order on notice appointing a referee to take testimony and report with his opinion accordingly.