Hale v. Marquette, Adm'r, et al.

HALE v. MARQUETTE, ADM'R, ET AL.

1. **Administrator**: SALE OF LAND: COVENANTS: WHO BOUND BY. An administrator who sells real estate under the order and direction of a court has no power to bind the estate by any covenants which may be contained in the deed. Whether he may be personally bound by such covenants, *quœre*.

*Appeal from Buchanan Circuit Court.*

WEDNESDAY, JUNE 23.

ACTION AT LAW. A demurrer to the petition was sustained and the plaintiff appeals.

*Frank Jennings* and *J. H. & R. J. Williamson,* for appellant.

*E. E. Hasner,* for appellees.

SEEVERS, J.—The principal defendant is administrator of the estate of L. J. McArthur, and the other defendant is surety on his official bond as such administrator. The administrator sold certain real estate, under the order and direction of the court of probate, to pay debts. At such sale the plaintiff became the purchaser, and the real estate was conveyed to him by the administrator. The deed is in the usual form, except that it contains the following covenant: " And I, the said S. M. Marquette, do covenant with the said John P. Hale, his heirs and assigns, that in conducting said sale I have complied with all the requirements of the law and of the said court." The title of the plaintiff failed because, as he claims, certain persons who were entitled to notice had not been notified, as the law requires, of the application made to the court for an order to sell the real estate. While this does not distinctly appear, it will for the purposes of the case be conceded.

That the sale was a judicial sale, and that ordinarily the rule *caveat emptor* applies, unless there has been fraud, is practically conceded by counsel for the appellant. Their contention is that this rule does not apply in this case, because of the covenants contained in the deed, which have been broken. But we are of the opinion that an administrator who sells real estate under the order and direction of a court has no power to bind the estate by any covenants which may be contained in the deed. Whether he will be personally bound by such covenants we have no occasion to determine. Rorer, Jud. Sales, §§ 458, 459, and authorities cited. In *Bishop v. O'Conner,* 69 Ill., 431, it is said: " The officer of the law can only sell such title as the debtor has, and he has no power to warrant the title, or impose terms and condi-

tions on the sale, beyond those which are required by law; and the same is true of administrators who sell under a license from the court."

The circuit court did not err in sustaining the demurrer.

AFFIRMED.