ALBERT M. CROUTER, Appellant, *v.* ANNIE E. CROUTER et al., Appellants and Respondents.

A purchaser at a partition sale is entitled to demand a marketable title, *i. e.*, one free from a reasonable doubt as to its validity. If an essential act has been omitted or unseasonably taken in the action which may render the judgment ineffectual as to any of the parties in interest, it is the duty of plaintiff to take the proper steps for curing the defects before he can be heard upon a motion to compel the purchaser to complete his purchase.

Upon such a motion it appeared that the affidavit upon which an order for service of summons by publication under the Code of Civil Procedure (§ 439) was granted, stated the non-residence of the defendants and that

they had no place of business in New York; that plaintiff believed that a summons could not with due diligence be served personally within the state; that plaintiff had personal knowledge of defendants' movements, and was satisfied that they frequent no place in the state. *Held,* that the affidavit was sufficient to sustain the order and to give the court jurisdiction.

Bonds given by guardians *ad litem* for infant defendants, ran to "the People of the State of New York * * * to be paid to the said infants, etc." The infants were not previously named, but were named in the conditions of the bond. *Held,* that there was a substantial compliance with the provisions of the Code (§ 1536); and that a separate bond for each infant was not imperatively required.

The infants were personally served out of the state under the order of publication, on October 31 and November 1, 1890. The application for appointment of guardian *ad litem,* on behalf of three of the infants was granted December 8, 1890, and for another March 10, 1891. *Held,* that as under the provisions of the Code (§§ 441, 471), the infant defendants could not make such an application until forty-two days had elapsed from the time when personal service was made, the court acquired no jurisdiction to make the appointment of guardian for the three infants; that they were not competent to waive, by any affirmative act, the restrictive provisions of the statute; and so, that an appearance by the guardian was not an appearance by the infants.

Also *held,* that while as service upon the infants was complete on December 13, 1890, and the judgment of partition and sale was not entered until September 3, 1891, the court then had jurisdiction of the subject-matter and of all the parties, and the judgment was not void, but voidable only, at the election and upon the application of the infants, the burden of curing the defect so as to conclude such defendants could not be cast upon the purchasers at the sale; and that, therefore, the motion was properly denied.

(Argued March 14, 1892; decided April 12, 1892.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made February 18, 1892, which reversed an order of Special Term requiring two purchasers to complete the purchase of two parcels of land bid off by them respectively at a sale in partition, and denying a motion by one of them to be relieved from his purchase. The General Term order also denied the motion to require said purchasers to complete their purchase.

The purchasers objected to the title upon three grounds: (1) That the order for service of defendants by publication

was based upon a defective affidavit. (2) That the bonds of the guardian *ad litem* for infant defendants did not conform to the provisions of the Code of Civil Procedure. (3) That the order appointing a guardian *an litem* for the infant defendants was a nullity. The affidavit stated the non-residence of the defendants; that they had no place of business in New York; that plaintiff believed that a summons could not with due diligence be served personally within the state; that he had present knowledge of defendant's movements and was satisfied that they frequent no place in the state.

There were two bonds given by guardians *ad litem* for four infant defendants, which ran to "the People of the State of New York  *  *  *  to be paid to the said infants" (no infants having been previously named), "their executors, administrators and assigns," the names of the infants appearing in the condition of the bond. The infant defendants were personally served out of the state under the order of publication on October 31 and November 1, 1890. The application for appointment of a guardian *ad litem* was made and granted on behalf of three of the infants December 8, 1890, and for the other March 10, 1891.

*William H. Arnoux* for appellants. The affidavit upon which the order of publication was granted was sufficient to confer jurisdiction. (Code Civ. Pro. §§ 135, 439; *Kennedy* v. *N. Y. L. Ins. Co.*, 101 N. Y. 487; *Lockwood* v. *Brantly*, 31 Hun, 155; *Chase* v. *Lawson*, 36 id. 221; *Hudson* v. *Kowing*, 4 N. Y. S. R. 866; *Andrews* v. *Borland*, 10 id. 396; *Jerome* v. *Flagg*, 48 Hun, 351; *Seiler* v. *Wilson*, 43 id. 629.) The appointment of the guardian *ad litem*, was regular. (Code Civ. Pro. §§ 441, 471.) If the application for a guardian should not have been made until forty-two days after service, the appointment of guardian before the expiration of forty-two days was at most an irregularity only, which has been cured by proceedings in partition and the final judgment and order confirming sale, and is amendable if necessary. (*Rima* v. *R. I. Works*, 47 Hun, 153; 120 N. Y. 433; *Schell* v. *Cohen*, 55

Hun, 207; Code Civ. Pro. §§ 468, 469, 723, 1557, 1577; *Gibbon* v. *Freel*, 93 N. Y. 93.) Even if it should be held that there was no appointment of guardian whatever, still, as the defendants were regularly served with process and judgment rendered against them, the proceedings were not absolutely void but voidable only. The court by service had acquired jurisdiction. (*McMurray* v. *McMurray*, 66 N. Y. 175; *Croghan* v. *Livingston*, 17 id. 218; *Jenkins* v. *Young*, 43 Hun, 194.) The omission to require a bond from the guardian in favor of each of the infants did not divest the court of the jurisdiction it had acquired. (*Reed* v. *Reed*, 46 Hun, 212; 107 N. Y. 545.) Bonds of guardians were in all respects regular. They were to the people of the state of New York. The words of surplusage did not affect the legality of the bond. But if the bond of the guardian was irregular in form only, the court has power to allow the guardian to file a new bond *nunc pro tunc*, or amend the one now on file. (*Shaw* v. *Lawrence*, 14 How. Pr. 94.)

*C. N. Bovee, Jr.*, for appellants. The affidavit of the plaintiff, on which the order of October 22, 1890, for service by publication of the summons herein on the defendants Annie E. Crouter, Anthony Crouter, Mary E. Crouter (now Muller), Walter Crouter and Annie Crouter, was granted, is sufficient. (Code Civ. Pro. § 439; *Wunnenberg* v. *Gearty*, 36 Hun, 243; *Hudson* v. *Kowing*, 4 N. Y. S. R. 867; *Smith* v. *Mahon*, 27 Hun, 40; 89 N. Y. 633; *Schroeder* v. *Lear*, 17 Wkly. Dig. 574; *H. M. Co.* v. *Pettibone*, 74 N. Y. 68; *Belmont* v. *Cornen*, 82 id. 256; *Jerome* v. *Flagg*, 48 Hun, 351; *Jones* v. *Freeman*, 22 Wkly. Dig. 524; *Kennedy* v. *N. Y. L. Ins. Co.*, 101 N. Y. 487; *Candley* v. *Quick*, 47 How. Pr. 233; *Donnelly* v. *West*, 66 id. 428; *Loring* v. *Binney*, 38 Hun, 156; *Van Wyck* v. *Hardy*, 11 Abb. Pr. 473; *Von Rhode* v. *Von Rhode*, 2 T. & C. 495.) The appointment of C. N. Bovee, Jr., as guardian *ad litem*, for the infant defendants Mary E. Crouter, Walter Crouter and Annie Crouter was regular and not premature. (Code Civ. Pro. §§ 441, 471.) The objection

to the bonds of the guardian *ad litem* is untenable. (Code Civ. Pro. §§ 724, 729, 1536; 25 Barb. 336; 17 N. Y. 218.)

*Henry A. Forster* for respondents. The order for service by publication is void because the affidavit on which it was granted does not show, as is required by the Code, that the plaintiff was unable with due diligence to make personal service of the summons on the infant defendants within the state. (Code Civ. Pro. §§ 438, 439; *McCracken* v. *Flanagan*, 127 N. Y. 493; *Fetes* v. *Volmer*, 28 N. Y. S. R. 317–319; *Peck* v. *Cook*, 41 Barb. 549; *McLeod* v. *Moore*, 15 Civ. Pro. Rep. 77; *Bixby* v. *Smith*, 3 Hun, 60, 63; *Thompson* v. *Shiawassee*, 54 Mich. 236, 237; *Carleton* v. *Carleton*, 85 N. Y. 313; *Ex parte Robinson*, 21 Wend. 672, 673; *Smith* v. *Luce*, 14 id. 237–239; *Powell* v. *Kane*, 5 Paige, 265, 268; *Delaplain* v. *Armstrong*, 21 W. Va. 214–217; *Gilbert* v. *Endean*, L. R. [9 Ch. Div.] 260, 266, 268, 269; *Mowry* v. *Sanborn*, 65 N. Y. 581, 584; *Ex parte Haynes*, 18 Wend. 611, 612–615; *Broadhead* v. *McConnell*, 3 Barb. 175, 190, 191; *People* v. *Overseers of Ontario*, 15 id. 287, 294, 295; *Benninghoff* v. *Ins. Co.*, 93 N. Y. 495, 500, 501; *R. R. Co.* v. *Pratt*, 22 Wall. 135; *Guy* v. *Lee*, 81 Ala. 163, 165, 167; *S. M. C. Co.*, v. *Hardy*, 114 Mass. 198, 211, 213; *P. T. Co.* v. *U. S. Mfg. Co.*, 120 Mass. 35, 37; *Avery* v. *R. R. Co.*, 121 N. Y. 42–44; *McGean* v. *M. R. Co.*, 117 id. 223; *Teerpenning* v. *C. E. Co.*, 43 id. 279, 281.) The order appointing a guardian *ad litem* for the three infants was void because it was made before the service of the summons on them was complete. (*M. N. Bank* v. *P. N. Bank*, 89 N. Y. 397, 399, 400; *B. T. Co.* v. *Bulmer*, 49 id. 84; *Brod* v. *Heymann*, 3 Abb. Pr. [N. S.] 396; *Abrahams* v. *Mitchell*, 8 Abb. Pr. 123; *Kerner* v. *Leonard*, 15 Abb. Pr. [N. S.] 96; *Tomlinson* v. *Van Vetchen*, 6 How. Pr. 199; *Rae* v. *Beach*, 76 N. Y. 164, 167; *Scofield* v. *Doscher*, 72 id. 491; *Porter* v. *Kingsbury*, 71 id. 588; Code Civ. Pro. § 471; *Ingersoll* v. *Mangans*, 84 N. Y. 622; *Moulton* v. *Moulton*, 47 Hun, 606.) As the appointment of the guardian *ad litem* was not only irregular, but was absolutely void for

want of jurisdiction, it could not have been validated by amendment *nunc pro tunc.* (*Jackson* v. *Allen*, 132 U. S. 27, 34; *Werbolowsky* v. *G. Ins. Co.*, 5 Civ. Pro. Rep. 303, 305; *O' Grady* v. *O' Grady*, 55 Hun, 43; *Kendall* v. *Washburn*, 14 How. Pr. 380, 382; *Hallett* v. *Righters*, 13 id. 43, 45; *Harris* v. *Durkee*, 18 J. & S. 202, 205; 1 Rumsey's Pr. 633; *Ex parte Chryslin*, 4 Cow. 80, 82; *Ex parte Butler*, 10 Wend. 542, 545; *Wilmore* v. *Flack*, 96 N. Y. 512, 519; *Cromwell* v. *McLean*, 123 id. 488; *Prior* v. *Downey*, 50 Cal. 389; *Denny* v. *Mattoon*, 2 Allen, 361.) If the appointment of the guardian *ad litem* before service upon the infants was complete, was an irregularity only, there were ample grounds for the refusal of the General Term to grant an *ex parte* amendment *nunc pro tunc* of the defective proceedings for the appointment of the guardian. (*McMurray* v. *McMurray*, 66 N. Y. 175.) Unless the purchasers can obtain a title that is good beyond a reasonable doubt, they are entitled to be relieved from their purchase. (*Fleming* v. *Burnham*, 100 N. Y. 1; *Jordon* v. *Poillon*, 77 id. 518, 521, 522; *Irving* v. *Campbell*, 121 id. 353; *Vought* v. *Williams*, 120 id. 253; *Moore* v. *Williams*, 115 id. 586; *M. G. C. Home* v. *Thompson*, 108 id. 618.)

*Eugene Smith* for respondent. The order for service of defendants by publication was invalid, as the affidavit on which it was granted failed to show facts sufficient to sustain it. (*Carleton* v. *Carleton*, 85 N. Y. 313; *McCracken* v. *Flanagan*, 127 id. 493.) The order appointing C. N. Bovee, Jr., guardian *ad litem* for infant defendants, was prematurely applied for and prematurely granted. (Code Civ. Pro. §§ 441, 471; *Ingersoll* v. *Mangam*, 84 N. Y. 622; *Glover* v. *Haus*, 19 Abb. Pr. 161.) The bonds of the guardians *ad litem* are not proper in form. (Code Civ. Pro. § 1536.)

MAYNARD, J. The purchaser upon the partition sale in this action objects to the title offered upon three grounds. 1st. That the affidavit upon which the order was granted for the service of the summons by publication upon non-resident defendants was insufficient to confer jurisdiction on the justice

granting it.    2d.  That the bonds of the guardians *ad litem* do
not conform to the requirements of section 1536 of the Code;
and, 3d, that the order appointing a guardian for the non-
resident infant defendants was a nullity, because made before
the expiration of the period when the substituted service of
the summons upon them became complete.

The first and second objections are, we think, not tenable.
While the affidavit upon which the application for the order
of publication was made, is not as full as might be desired, it
states sufficient facts to uphold the finding of the judge to
whom it was presented, that the plaintiff would be unable
with due diligence to make personal service within the state.
(*Kennedy* v. *N. Y. L. I. & T. Co.*, 101 N. Y. 487.)

The bonds are in form a substantial compliance with section
1536.   They are executed to the people and, while a separate
bond for each infant might be the better practice, there is
nothing in the statute imperatively requiring it.

With reference to the third objection we have reached the
conclusion that the court had no authority to appoint a guar-
dian *ad litem* until it had acquired jurisdiction of the person
of the infant defendants.  Such seems to be the plain inference
from the provisions of sections 441 and 471 of the Code when
read together.   The latter section provides that where the
infant is over fourteen years of age he may apply for the
appointment of a guardian, in a case like the present, within
twenty days after the service of the summons is complete, as
prescribed in section 441 ; which does not occur where personal
service out of the state is made, pursuant to an order for pub-
lication, until the expiration of a time equal to that prescribed
for publication, being six full weeks from the time of service.
The infant defendants, therefore, could not make an applica-
tion for the appointment of a guardian until forty-two days had
elapsed from October 31, 1890, when personal service was
made without the state.   Before that time the court had
acquired and could acquire no jurisdiction of them for such a
purpose, and they were not competent to waive, by any
affirmative act, the restrictive provisions of the statute.

In *Ingersoll* v. *Mangam* (84 N. Y. 622), it was held by this court that a guardian *ad litem* can only be regularly appointed for an infant defendant after service of the summons personally or by the substituted mode as prescribed in certain specified cases, and that this was clearly implied by the language of section 471. Referring to the provisions of the section, the court say (p. 625): " The application in both cases is to be made after the personal or substituted service of the summons has been made. The order for the appointment of the guardian *ad litem* in this case authorized the guardian to appear and defend the action in behalf of the infant ; but the difficulty is that the order was unauthorized, because the court had no jurisdiction over the infant or to appoint a guardian *ad litem*, when the order was made, by reason of the fact that the infant had not been brought in and the action had not been commenced against him by the service of the summons, which is the statutory mode by which the court acquires jurisdiction of the person or property of an infant. The appearance by the guardian was not, therefore, an appearance by the infant, and was not within section 424. The infant was incapable of consenting to such appearance, and the guardian could not consent to the exercise of jurisdiction over him by an appearance not preceded by the service of process." The provisions of the Revised Statutes, which authorized proceedings for the appointment of a guardian *ad litem* of an infant party in a partition suit before service of process upon him, were all repealed upon the adoption of the second part of the Code of Civil Procedure, by chapter 245 of the Laws of 1880, and the Code now regulates and controls the practice in such cases. A uniform method of procedure was established for the appointment of guardians for infant defendants in all actions, and the decisions under previous laws upon this point have no application to the question here involved. The order appointing a guardian *ad litem* was, therefore, a nullity, and the proceedings in the action must be viewed in the same light as if judgment had been entered without the appointment or appearance of a guardian for the infant non-resident defendants.

But the judgment is not absolutely void.  The service upon the infants was complete on December 13, 1890, and the judgment of partition and sale was not entered until September 3, 1891.  The court then had jurisdiction of the subject-matter and of the persons of all the defendants, but the infants not being competent to plead in their own behalf, and no valid appointment of a guardian to represent them having been made, they had not had their full day in court when the judgment was entered, and its entry was premature.  It is voidable, however, only at their election and upon their application when seasonably made.  (*McMurray* v. *McMurray*, 66 N. Y. 175; *Feitner* v. *Hoeger*, 14 Daly, 470.)  The defect is also curable if the proper proceedings are taken for that purpose. But the burden of causing the necessary steps to be taken to conclude the defendants in this action cannot be cast upon the purchaser at the sale.  He has a right to expect and demand a marketable title and one free from a reasonable doubt as to its validity.  (*Jordan* v. *Poillon*, 77 N. Y. 518; *Fleming* v. *Burnham*, 100 id. 1; *Miller* v. *Wright*, 109 id. 194.)

The plaintiff is bound to see that the action has been brought and prosecuted in accordance with the provisions of law regulating the procedure in such cases, and if an essential act has been omitted or unseasonably taken, which may render the judgment ineffectual as to any of the parties in interest, it is his duty to apply for the necessary relief by way of an amendment of the proceedings before he can be heard upon a motion to compel the purchaser to complete his purchase.

The order appealed from must, therefore, be affirmed, with costs.

All concur.

Order affirmed.