(2 N. Y. Ann. Cas. 112.)

BERNHARDT v. KURZ et al.

(Common Pleas of New York City and County, Special Term.  August 27, 1895.)

PARTITION—SALE—SUFFICIENCY OF TITLE.
> Failure to comply with Code Civ. Proc. § 1538, requiring that in a partition action the executors or administrators of a deceased person, who, if living, should be a party to the action, must be made parties defendant, renders the title so defective that the purchaser at partition sale will not be compelled to complete his purchase.

Action of partition by Louise J. Bernhardt against Charles Kurz and others.  Plaintiff moves to compel John C. Klatzel to complete his purchase of certain premises sold under the decree.  Motion denied.

Zeller & Miehling, for the motion.

J. W. McDermott (Boardman & Boardman, of counsel), opposed.

GIEGERICH, J.  The purchaser upon the partition sale objects to the title, and opposes the motion to compel him to complete his purchase upon the ground, among others, that the administratrix

of the goods, chattels, and credits of one John G. Kurz, who died intestate, seised of the real property in question, and the executor of the last will and testament of John A. Kurz, a son of said John G. Kurz, and who died subsequent to the death of the latter, were not made parties defendant. Section 1538 of the Code of Civil Procedure requires that "in a partition action the executors or administrators and creditors of a deceased person who, if living, should be a party to said action, must be made parties defendant." This requirement as to the personal representatives of a deceased heir at law was not observed in the present action, and hence the purchaser's objection to taking title is tenable. A purchaser at a partition sale has a right to expect and demand a marketable title, and one free from a reasonable doubt as to its validity. Jordan v. Poillon, 77 N. Y. 518; Crouter v. Crouter, 133 N. Y. 55, 30 N. E. 726, and citations. And, as the title offered does not conform to these requirements, the purchaser should not be compelled to accept the same.

This result renders my consideration of the other objections raised unnecessary. Motion denied, but, as the precise question involved has not, to my knowledge, been heretofore passed upon, the denial should be without costs.