STONE v. SMITH.

(Supreme Court, Appellate Term.    April 19, 1900.)

1. JUDGMENT—DEFAULT—VACATION—AFFIDAVIT.

Code Civ. Proc. § 1216, provides that where other than personal service is had on a defendant, and judgment is taken by default, the court must require proof of the cause of action set forth in the complaint. *Held*, that where, after substituted service, judgment was taken by default, and defendant moved to vacate the judgment on the ground that the court did not take proofs, but his affidavit in support of the motion did not state that no proofs were taken, the motion was properly denied.

2. SAME—JUDGMENT ROLL.

Defendant's contention that the court took no proofs on granting a default judgment not verified by affidavit on motion to vacate was not aided by the fact that the judgment roll showed no proofs, since proofs taken on default or trial of issues never form part of the judgment roll.

Appeal from city court of New York, general term.

Action by Samuel H. Stone against Samuel W. B. Smith. An order overruling a motion to vacate a default judgment was affirmed at general term (61 N. Y. Supp. 1106), and defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Bushby & Berkeley (L. M. Berkeley, of counsel), for appellant.
Stern & Singer (William J. Barr, of counsel), for respondent.

PER CURIAM. It does not appear from the defendant's moving affidavit that the court did not take proof of plaintiff's claim before rendering judgment, as required by the Code. The defendant, assailing the judgment on the ground of an alleged irregularity, was required to affirmatively establish it by affidavit. The absence of the proof from the judgment roll does not aid the defendant's contention, because the proof, taken either on a default or on a trial of issues, never forms part of the judgment roll. Nothing appearing to the contrary, we are to assume that the court below performed its duty, and took the necessary proof to establish the allegations of the complaint.

Order affirmed, with costs.

