N. ROSENBERGER, Appellant, v. THOS. HAWKER, in the case of ELIZABETH ODELL v. N. ROSENBERGER, THOS. HAWKER, R. O. MCGAUGHEY.

**Execution sale:** CANCELLATION: RECOVERY OF PURCHASE MONEY. A
1    purchaser at a judicial sale must have had actual knowledge that the property was not subject to the lien of the judgment under which the sale was made to defeat his right to recover the price paid on a cancellation of the sale, under Code, section 4034.

**Same.** A purchaser at judicial sale although charged with knowl-
2    edge of the legal conclusion of the existence of a homestead interest in the property arising from facts tending to show such interest, is not deprived of his right to recover the purchase money on a cancellation of the sale, where it appeared that other material and controlling facts as to the validity of the homestead claim were unknown to him.

**Same.** The fact that a judicial sale of a homestead was set aside
3    at the instance of the owner, will not deprive the purchaser at such sale of his right to recover back the purchase money paid by him.

**Estoppel.** The fact that the purchaser at an execution sale resists
4    the suit of the owner of the property to set aside the sale on the ground of a homestead interest therein, will not estop him in the event of a cancellation of the sale from recovering back the purchase money.

*Appeal from Muscatine District Court.*— HON. D. V. JACK-
SON, Judge.

TUESDAY, JUNE 6, 1905.

A SHERIFF's sale of real estate having been set aside,
the court, on application of the purchaser, entered judgment
in his favor against the judgment plaintiff for the money
paid, and the latter appeals.— *Affirmed.*

*Carskaddan & Burk,* for appellant.

*Jayne & Hoffman,* for appellee.

LADD, J.— Mrs. Odell was the owner of forty acres of
land, upon which she had resided with her husband at the
time of his death, long prior to the inception of the indebted-
ness, on which Rosenberger recovered a judgment of $209.80
and costs.   Execution was issued on this judgment October
22, 1901, levied on the land, and it sold to Hawker for
$2,976, which sum, less the sheriff's fees and costs of sale,
was paid to the clerk of court.   The clerk satisfied the judg-
ment by paying Rosenberger $262.10, and retained the bal-
ance.   In December following, Mrs. Odell instituted a suit
in equity, making the persons named with the sheriff parties
defendant, and alleging that the land was her homestead,
and as such exempt from execution, and prayed that the
sheriff's certificate of sale be set aside and canceled.   Each
defendant resisted on the ground that she had abandoned the
land as a homestead, but Hawker also asked that, in event
the court should find otherwise and set the sale aside, he
have judgment against Rosenberger and the sheriff for the
amount by him paid.   Upon hearing, a decree was entered
granting Mrs. Odell the relief prayed, but reserving all ques-
tions relating to Hawker's claim to the return of the money.
Thereafter Hawker filed a cross-petition against his code-

fendants, alleging that he did not know the land was Mrs. Odell's homestead, but supposed he was buying a good title, and praying for the restoration of the price bid and paid at the sale.   Shortly afterwards the court ordered the return to him of all in the clerk's hands, without prejudice to his right to recover the remainder.   Rosenberger answered by averring that Hawker, in buying the land, had acted with knowledge that it was Mrs. Odell's homestead, and to compel her to accept money in lieu of the land, and that Rosenberger had been induced thereby to satisfy the judgment against her, and, farther, that Hawker was estopped from recovering the amount paid.   Upon hearing, the court entered a decree requiring Rosenberger to restore to Hawker the balance of the money paid to the sheriff.

Rosenberger has appealed, and first contends that the court erred in holding that Hawker, in buying, did not know that the land was Mrs. Odell's homestead.   The evidence leaves no doubt but that he knew she claimed it as such, and is equally conclusive that he believed she had abandoned it, and thought he was buying a good title.   In other words, he had notice of her claim, but not knowledge that it was true.   Section 4034 of the Code provides that:

1: EXECUTION SALE: cancellation; recovery of purchase money.

When any person shall purchase at sheriff's sale any real estate on which the judgment upon which the execution issued was not a lien at the time of the levy, and which fact was unknown to the purchaser, the court shall set aside such sale on motion, notice having been given to the debtor as in case of action, and a new execution may be issued to enforce the judgment, and, upon the order being made to set aside the sale, the sheriff or judgment creditor shall pay over to the purchaser the money; said motion shall also be made by any person interested in the real estate.

The fact that the judgment was not a lien, not merely that some one claimed it was not, must be known to the purchaser in order to deprive him of the benefit of this statute.

Possibly Hawker had information sufficient to put him upon inquiry, but it is plain that actual knowledge is contemplated. " Knowledge " and " notice " are not synonymous, for that which does not amount to actual knowledge may constitute notice. *Clark v. Ingram,* 107 Ga. 565 (33 S. E. Rep. 802); *Cleveland Woolen Mills v. Sibert,* 81 Ala. 140 (1 So. Rep. 773). The notice may be of such a character that its effects amount to knowledge. On the other hand, a party may be charged with notice when in utter ignorance of that of which he is presumed to be advised.

It is said, however, that whether the forty acres constituted Mrs. Odell's homestead was a conclusion of fact and law, and as Hawker knew the facts, and is presumed to have

2. SAME.

known the law, he should be held to have been aware that the property was her homestead. Whether, if the premises were true, such a conclusion would follow, need not be determined, for the evidence is undisputed that some of the material and controlling facts were unknown to him.   While she had rented the land to his sons, a room in the house had been reserved by her, in which articles of furniture were stored.   She continued to occupy this whenever it suited her convenience.   These facts were unknown to Hawker, and without them the situation, in so far as disclosed by the record, was not such as necessarily to exact the inference that the land was Mrs. Odell's homestead.   Indeed, a contrary inference appears to have been inevitable, when it is added that Hawker, who was a farmer, was assured by Rosenberger, an attorney, doubtless in good faith, that, according to the opinion of this court in *Fullerton v. Sherrill,* 114 Iowa, 511, she was not entitled to a homestead.   That decision was not in point, for she claimed under section 2973 of the Code, by virtue of having been in personal occupancy since the death of her husband.   Certainly the purchaser can not be said to have known that the judgment was not a lien on the property.

II.   It will be noted that the sale was set aside at the

instance of the owner of the real estate. This, however, ought not deprive the purchaser of his remedy. The effect is merely to relieve him of the necessity of procuring the va-

3. SAME.   cation of the sale as a preliminary step to the return of the purchase price. He is required to establish no more than shall be essential to the relief prayed, and, where the judgment has been adjudicated not to be a lien, no more is to be exacted than proof that he did not know that fact when he bought the land. *Jones v. Blumenstein,* 77 Iowa, 361. The statute was not enacted, as is contended by appellant, for the sole benefit of the purchaser. The remedy is equally available to any one interested in the real estate sold, even though resort may be had by such an one to equitable proceedings to prevent a cloud being cast on the title. The interests to be subserved are not conflicting, for the sale may be set aside without the return of the purchase money, and the statute should be so construed that the remedy provided for each shall not be defeated by action on the part of the other.

III. Appellant also urges that the purchaser is estopped from claiming the return of the money paid by his conduct in resisting the suit of Mrs. Odell to have the sale vacated.

4. ESTOPPEL.   But no one was mislead to his prejudice. His attitude is not that of asserting "things contrary to each other," for he may have contended that the land was not her homestead without knowing whether it was such or not. He was only convinced by the decree of court, and even that does not appear to have affected the opinion of his antagonist. His allegation is not that the land was her homestead, but that the court had so adjudicated, which was not inconsistent with previous ignorance of the fact on his part.

We discover no error in the record, and the judgment is *affirmed.*