(66 Misc. Rep. 74.)

### TAYLOR v. EMMET et al.

(Supreme Court, Special Term, New York County. January, 1910.)

INFANTS (§ 80*)—ACTION AGAINST INFANT—APPOINTMENT OF GUARDIAN AD LITEM—NECESSITY OF SERVICE.

Code Civ. Proc. §§ 438, 440, providing the mode of serving nonresident defendants generally, applies to infant nonresident defendants, and a guardian ad litem cannot be appointed for a nonresident infant defendant until the infant has been so served.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 214; Dec. Dig. § 80.*]

Action by Josephine W. Taylor against Alice W. Emmet and others. Motion to strike from the calendar. Granted.

Order reversed 122 N. Y. Supp. 66. See, also, 122 N. Y. Supp. 1147.

Strong & Cadwallader, for plaintiff.

Zabriskie, Murray, Sage & Kerr, for defendants.

BLANCHARD, J. This is an action for partition. Certain of the defendants herein have brought this motion to strike the cause from the calendar on the ground that certain nonresident infants, who are conceded to be necessary parties defendant, have not been properly

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

served and made parties herein. The guardian ad litem of these infant defendants has been appointed herein as required by sections 471–473 of the Code of Civil Procedure, and service of the order, appointing such guardian, has been made by mail, pursuant to the direction of the order, and neither the infants nor any one in their behalf has procured another guardian within the time specified in the order. Service upon the guardian ad litem thus appointed by the court has been made by delivering to him a copy of the summons and complaint herein, as required by section 473 of the Code of Civil Procedure. The plaintiff contends that these acts are sufficient to make the infants parties here. The defendants, however, contend that not only should the proceedings above mentioned be had, but the infants also should have been served in the manner provided in section 438 et seq. of the Code of Civil Procedure, and contend that, by reason of the plaintiff's failure to make such service upon the infants, the infants are not joined as parties herein.

Sections 438 and 440 of the Code of Civil Procedure expressly provide the mode of serving nonresident defendants generally; and section 440, relating to the same subject-matters discussed in sections 438 and 439, provides that the order directing the service on a nonresident defendant must direct the publication of the summons for six weeks, or "at the option of the plaintiff by service of the summons and a copy of the complaint and order without the state upon the defendant personally, and if he is an infant under the age of fourteen years, also upon the person with whom he is sojourning." This language tends to show that the requirements of law regarding the service on nonresident defendants generally apply also to infant nonresident defendants. Section 473 of the Code of Civil Procedure, which provides for the appointment of a guardian ad litem for a nonresident infant defendant and for the service on such guardian, nowhere expressly provides that service on the guardian shall be in substitution of the service prescribed for nonresident defendants generally in section 438 et seq. of the Code of Civil Procedure; and no reason exists why the inference plainly deducible from the clause above quoted in section 440 should not be controlling, and why the proceedings requiring service on nonresident defendants generally should not be applied also in the instance of nonresident infant defendants. This conclusion is strengthened by the analogy presented in the instance of resident infant defendants.

Sections 426 and 427 of the Code of Civil Procedure provide that within the state personal service of the summons upon the infant defendant must be made upon the infant in person, and also his father, mother, or guardian; and, in case the infant is of the age of 14 years or upwards, "the court may, in its discretion, or without application therefor and in the defendant's interest, make an order requiring a copy of the summons to be also delivered in behalf of the defendant to a person designated in the order, and that service of the summons shall not be deemed complete until it is so delivered." As regards resident infant defendants, therefore, the rule seems clear that service must be made not only upon the infant defendant, but also upon his guardian. No reason exists why the same practice should not be applied in the

instance of nonresident infant defendants. A positive reason in favor of this practice in the instance of nonresident defendants appears from the fact that the benefit of the 62 days' period to answer which an adult nonresident defendant has (Code Civ. Proc. § 441) would be denied to an infant nonresident defendant if service upon the guardian solely were deemed sufficient, because, after service upon such guardian, the guardian has only 20 days within which to appear or answer. Code Civ. Proc. § 473. The views here expressed seem to follow from the rule laid down in Crouter v. Crouter, 133 N. Y. 55, 61, 30 N. E. 726, as follows:

"With reference to the third objection, we have reached the conclusion that the court had no authority to appoint a guardian ad litem until it had acquired jurisdiction of the person of the infant defendants. Such seems to be the plain inference from the provisions of sections 441 and 471 of the Code when read together. The latter section provides that, where the infant is over 14 years of age, he may apply for the appointment of a guardian, in a case like the present, within 20 days after the service of the summons is complete, as prescribed in section 441, which does not occur where personal service out of the state is made, pursuant to an order for publication, until the expiration of a time equal to that prescribed for publication, being six full weeks from the time of service. The infant defendants, therefore, could not make an application for the appointment of a guardian until 42 days had elapsed from October 31, 1890, when personal service was made without the state. Before that time the court had acquired and could acquire no jurisdiction of them for such a purpose, and they were not competent to waive, by any affirmative act, the restrictive provisions of the statute."

The brief supporting the motion to strike from the calendar contains this pertinent and significant language:

"Upon general grounds of justice and of regularity of proceeding this order should not be sustained. All directions of the Code of Civil Procedure intended to bring parties within the jurisdiction of the court are designed to give effective notice to those whose rights are involved, and, where these parties are infants, they are further designed to give such effective notice to their parents or other parties interested in their welfare as will enable them efficiently to protect the interests of the infant. The order in the present case appears to have been framed upon a totally different theory. It is not designed to give notice to anybody who is interested in maintaining the rights of the infants, and even the direct notice to the infants themselves is so curtailed as to make it difficult and in some cases impossible for the infants, if they had sufficient intelligence and experience, to take advantage of the rights reserved in their behalf. While no ground appears for imputing to the guardian appointed by the court any other than a proper intention to safeguard the infants, yet, if the procedure employed in this case should now receive the sanction of this court and ripen into a precedent, it would be quite possible by the appointment of a guardian who was not competent or well meaning to do great injustice to the interests involved in the suit, and this court should not establish such a precedent."

The motion to strike this case from the calendar is therefore granted, and the motion to prefer this case for trial is denied as premature.

Ordered accordingly.