### LAUDER v. MESEROLE et al.

(Supreme Court, Appellate Division, Second Department. January 26, 1912.)

1. MORTGAGES (§ 538*)— FORECLOSURE — JUDGMENT—REGULARITY—PRESUMPTIONS.

   The failure of a judgment of foreclosure rendered on substituted service to recite the taking of proof of the cause of action alleged does not raise an inference that such proof has not been taken; a presumption of regularity prevailing in the absence of direct proof to the contrary.

   [Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 538.*]

2. MORTGAGES (§ 538*)—FORECLOSURE—IRREGULARITY OF PROCEEDINGS—EFFECT ON TITLE.

   The failure to take proof as required by Code Civ. Proc. § 1216, in an action to foreclose a mortgage on acquiring jurisdiction of defendant by substituted service in accordance with sections 435, 436, and 437, raises such doubt as to the validity of the judgment of foreclosure as to entitle the court to relieve the purchaser at the sale of his bid.

   [Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 538.*]

3. MORTGAGES (§ 538*)—FORECLOSURE SALE—IRREGULARITY IN JUDGMENT—EFFECT.

   An irregularity which does not render void a judgment of foreclosure under which a sale is had does not as a general rule affect the marketability of the title under the sale, and the defect can be challenged only by the parties to the action either by appeal or by direct motion.

   [Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 538.*]

4. MORTGAGES (§ 538*)—FORECLOSURE—IRREGULARITY IN JUDGMENT—EFFECT ON PURCHASER.

   Where a defect in a judgment ordering a sale on foreclosure renders the judgment voidable at the election of a party aggrieved, a purchaser at the sale should not be forced to take title, though the defect is curable in the action itself.

   [Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 538.*]

Appeal from Kings County Court.

Action by William Lauder against William H. Meserole and others to foreclose a mortgage. From an order relieving August W. Tode-

bush from his liability as purchaser at the foreclosure sale, plaintiff appeals. Modified and affirmed.

See, also, 131 N. Y. Supp. 1124.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, BURR, and CARR, JJ.

Frederick W. Murphy, for appellant.

Otto F. Struse, for respondents.

CARR, J. This is an appeal from an order of the County Court in Kings county, which relieved a purchaser at a foreclosure sale from the obligation of his bid, and which directed the return of the moneys paid on deposit by the purchaser. The action was brought to foreclose a mortgage executed by several parties defendant, of all of whom but one the court acquired jurisdiction by personal service of the summons within the state. One of the defendants named in the summons, Mary J. Meserole, was served by substituted service within the county of Kings under an order of the County Court dated May 10, 1911, and an affidavit of such service was filed in the County Court on May 17, 1911. She failed to answer or appear in the action. On June 12, 1911, an order was entered on due proofs of regularity, and on notice of motion to such defendants as had appeared in the action, which provided "that the plaintiff have judgment for the relief demanded in the complaint," and which further provided for the appointment of a referee to compute the amount due to the plaintiff on the bond and mortgage mentioned in the complaint. The referee took such proof and made a report as to the amount due on the bond and mortgage, his report showing that the bond and mortgage, and a certain extension agreement set forth in the complaint, were produced before him, and that these instruments had been acknowledged and recorded. On the coming in of this report, and after due notice of motion, the court made a final judgment of foreclosure and sale. Thereafter, at the sale made under said judgment, one August W. Todebush became the purchaser on a bid of $17,850. The purchaser subsequently refused to complete his purchase, and as the result of cross-motions between the purchaser and the plaintiff in the action the order now appealed from was entered.

The purchaser contends that the court was without jurisdiction of the defendant Mary J. Meserole, who was served by substituted service, and that as to her the judgment of foreclosure has no conclusively binding effect. This defect is said to have arisen because, as the purchaser contends, the court failed to take proof of the cause of action set forth in the complaint. Neither the order appointing the referee nor the final judgment of foreclosure recites the taking of such proof by the court itself, nor does the order of reference expressly direct the taking of such proof by the referee.

[1] The failure of the judgment to recite the taking of such proof would not in itself raise an inference that such proof had not been taken, for the presumption of regularity would prevail in absence of direct proof to the contrary. Stone v. Smith, 31 Misc. Rep. 740, 64 N. Y. Supp. 139. On the motion below, the purchaser's attorney

submitted an affidavit in which he stated positively that such proof had not been taken, and there was no contradiction thereof. The failure on the part of the court to take proof as to the cause of action set forth in the complaint is claimed to be a jurisdictional defect as to the party defendant served by substituted service, because it is provided in section 1216 of the Code of Civil Procedure in part as follows:

"Where the summons was served upon the defendant without the state, or otherwise than personally, if the defendant does not demand a copy of the complaint, or plead, as the case requires, within twenty days after the service is complete, the plaintiff may apply to the court, or a judge or justice thereof, for the judgment demanded in the complaint. Upon such application, he must file proof that the service is complete, and proof, by affidavit, of the defendant's default. The court, or a judge or justice thereof, must require proof of the cause of action, set forth in the complaint, to be made, either before such court, or such judge or justice, or before a referee appointed for that purpose; except that where the action is brought to recover damages for a personal injury, or an injury to property, the damages must be ascertained by means of a writ of inquiry."

[2] In this case the defendant Mary J. Meserole was not served personally, but by substituted service under sections 435, 436, and 437 of the Code of Civil Procedure. There is no dispute here as to the regularity of such substituted service. Section 437 provides as follows:

"The order, and the papers upon which it is granted, must be filed, and the service must be made, within ten days after the order is granted; otherwise the order becomes inoperative. On filing an affidavit, showing service according to the order, the summons is deemed served, and the same proceedings may be taken thereupon, as if it had been served by publication, pursuant to an order for that purpose, made as prescribed in the next section."

Upon the facts appearing in this record, it appears that the County Court acquired jurisdiction of the person of the defendant Mary J. Meserole when the substituted service of the summons was complete, and that it had, likewise, full jurisdiction of the subject-matter of the action. Having such jurisdiction over person and subject-matter, its failure to observe the directions of section 1216 did not necessarily oust the court of jurisdiction, but may have, at most, amounted to an irregularity. Whether such irregularity is serious enough to be sufficient to render unmarketable a title acquired under the judgment of foreclosure and sale remains to be seen upon further inquiry.

[3] As a general rule, an irregularity which does not render void the judgment under which the sale was had does not affect the marketability of the title under the sale. Parish v. Parish, 175 N. Y. 181, 67 N. E. 298; Sproule v. Davies, 171 N. Y. 277, 63 N. E. 1106; Corbin v. Baker, 167 N. Y. 128, 60 N. E. 332. Under such circumstances, the defect can be challenged only by the parties to the action, either by appeal or by direct motion. The purchaser will receive an indefeasible title, and the remedy of the party aggrieved will be confined to a disposition of the proceeds of sale.

[4] Yet, notwithstanding that the court had jurisdiction of the person of the defendants and of the subject-matter of the action, and

that the defect affecting the judgment is not sufficient to render its judgment void, if such defect will render the judgment voidable at the election of the party aggrieved, a purchaser at a sale held under the judgment should not be forced to take title. Even if the defect be curable in the action itself, the plaintiff cannot cast upon the purchaser the burden of taking the necessary steps to make the cure. "The plaintiff is bound to see that the action has been brought and prosecuted in accordance with the provisions of law regulating the procedure in such cases, and if an essential act has been omitted or unseasonably taken, which may render the judgment ineffectual to any of the parties in interest, it is his duty to apply for the necessary relief by way of an amendment of the proceedings before he can be heard upon a motion to compel the purchaser to complete his purchase." Crouter v. Crouter, 133 N. Y. 55, 30 N. E. 726; Toole v. Toole, 112 N. Y. 333, 19 N. E. 682, 2 L. R. A. 465, 8 Am. St. Rep. 750; Heller v. Cohen, 154 N. Y. 299, 48 N. E. 527.

The question here presented as to the necessity of a compliance with the directions of section 1216, and the effect of a failure to so comply upon the judgment entered in the action, is apparently a new one, as no authorities strictly in point have been presented to this court. We deem the question sufficiently doubtful to sustain the order of the court below so far as it relieved the purchaser at the sale from the obligation of his bid.

Yet, as there is nothing in the affidavits showing what expense was entailed upon the purchaser because of his bid, the order should be modified by striking therefrom the provision as to reimbursement by the plaintiff as to such expenses, and, as so modified, affirmed, with $10 costs and disbursements. All concur.