S. B. STONEROOK, Appellant, v. LOIS J. WISNER et al., Appellees.

GUARDIAN AND WARD: Sales Under Court Order—Unknown Easement—Caveat Emptor. *Caveat emptor* doctrine does not apply to sales by guardians under order of court.

PRINCIPLE APPLIED: A guardian of a minor, claiming his ward was the owner of a certain lot, obtained an order of court authorizing sale. Plaintiff bought in reliance on full ownership in the ward. After considerable work had been done in erecting a building, it was discovered that a 12-foot easement across one end of the lot was held by the public for a street. *Held,* such sales are in a sense by the court, or at least are under the control of the court, and that common honesty should and must prevail by granting an abatement on unpaid purchase price.

*Appeal from Hardin District Court.*—HON. C. G. LEE, Judge.

WEDNESDAY, JUNE 30, 1915.

ACTION in equity for abatement in purchase price of a certain town lot. Demurrer to petition sustained and plaintiff appeals.—*Reversed.*

*F. M. Williams,* for appellant.

*C. A. Rogers* and *George W. Ward,* for appellees.

LADD, J.—Briefly stated, the petition makes a case as follows: That in August, 1904, the guardian of Lois J. Wisner, a minor, undertook to sell to the plaintiff the East ½ of Lot 8 in Block 24 in the town of Iowa Falls, Iowa; that plaintiff made such purchase for the purpose of improving the same by erecting thereon a permanent business building to cover its entire length of 132 feet; that said guardian, claiming his ward to be the owner of all said prop-

erty, obtained an order of court authorizing him to sell the same, and plaintiff, believing and relying thereon, made the purchase at the agreed price of $4,800 and proceeded to expend money in considerable sums in excavating the basement story and constructing the foundations of the new building, when it was discovered that 12 feet of the rear end of said lot had been appropriated by or dedicated to the public as an alley or public way, and that the need made by said guardian conveyed to plaintiff the title to but 120 feet in depth, instead of 132 feet. It is further alleged that the guardian and plaintiff entered into said contract of purchase under a mutual mistake as to the title of the ward in said property; that neither of them knew or believed that any part of said lot had been acquired by the public, and entered into the agreement of sale and the subsequent conveyance in good faith, believing that the grantor was conveying and the grantee receiving the absolute title to the very property therein described. It is further alleged that said mistake was not discovered until the work of constructing the building had progressed to a considerable extent, putting plaintiff to much trouble and expense in changing his building plans, and that, under the circumstances, it was impracticable to put all parties *in statu quo* by a rescission of the purchase. He avers that the lot as actually acquired by him was worth at least $1,200 less than it would have been had he been given title to its entire area; that as a matter of fact, $400 of the agreed purchase price is still unpaid, and he asks the court to decree an abatement from the purchase price proportionate to the loss in the area of said lot, and that the same be applied in satisfaction or cancellation of the unpaid balance of said price as of the date of such sale. The demurrer denies the sufficiency of the petition to state a cause of action, because it appears that said conveyance was made by the guardian of a minor under leave and order of court; that the rule of *caveat emptor* applies to purchases so made, and neither law nor equity affords him any remedy for loss or damage so

sustained. The demurrer was sustained, and plaintiff elect-
ing to stand upon his petition, it was ordered dismissed, and
he appeals.

The ruling of the trial court evidently proceeded on the
theory that the doctrine of *caveat emptor* should be applied.
That doctrine was applied in *Holtzinger v. Edwards,* 51 Iowa
383, where the purchase was under an execution and there
was a prior judgment lien which the purchaser failed to dis-
charge, the court holding that, having taken his chances in
buying, the purchaser was not entitled to relief. In *Hale v.
Marquette,* 69 Iowa 376, the administrator sold certain land,
the plaintiff being the purchaser, and it was claimed that
certain necessary parties were not given notice of the pro-
ceedings, and that therein there was a breach of the condition
in the deed that the administrator "do covenant   .   .   .
that in conducting said sale I have complied with all the
requirements of the law and of said court." It was there
conceded that the doctrine of *caveat emptor* applies in the
absence of fraud, and the breach of the covenant was relied
on. The court held that the administrator was without power
to bind the estate by any covenants in a deed; that he might
only sell such title as the deceased debtor had. In *Rilter v.
Henshaw,* 7 Iowa 97, a lot was sold under execution, and upon
its being shown that a mortgage constituting a prior lien had
been foreclosed and the lot sold thereunder, plaintiff acquired
no title whatever under the sale. It was set aside, the court
saying "the doctrine of *caveat emptor* has its legitimate force
in precluding any idea of a warranty by the defendant in
execution, or by the sheriff; but in all the numerous cases, it
is not viewed as having an application to bar the creditor or
the purchaser from his appropriate relief." Relief in event
of a purchaser at sheriff's sale of real estate, on which the
judgment is not a lien at the time of the levy, unknown to
the purchaser, is provided for in Sec. 4034 of the Code. See
also *Rosenberger v. Hawker,* 127 Iowa 521.

In *Crawford v. Foreman,* 127 Iowa 661, the court held

the doctrine of *caveat emptor* applicable where the purchaser made his bid with full knowledge of the facts. In no case in this state has the doctrine been extended to guardian sales. Though without much consideration as to whether applicable, it has been applied in other states in cases too numerous for citation. This has been on the theory that the officer tenders for sale the title only which his ward has to dispose of, and that the purchaser must ascertain for himself what this is. Another reason has also been given, and it is that, from the nature of the transaction, there is no one to indemnify the purchaser for any loss he may sustain. *The Monte Allegre,* 9 Wheaton (U. S.) 616.

Ordinarily the doctrine is applicable only where there has been a mistake, for if this were not true there would not likely have been a sale, and it is a little difficult to understand how there could have been a mutual mistake, such as alleged in the petition herein, when neither party had any knowledge of the existence of the easement, and the contract contained no reference thereto, and was not intended to have done so. As indicated in *Ritter v. Henshaw, supra,* there is ample reason for not permitting this guardian to bind his ward with any covenant in the conveyance or elsewhere, but there is every reason for insisting that the guardian, in representing his ward, act honestly with those with whom he deals, and that he convey precisely what he undertakes to sell, and that, if he shall fail or neglect to do so, the court shall see to it that no advantage be taken thereof. In New York, the rule of *caveat emptor* is not applied to judicial sales, the purchaser having the right to demand a marketable title, free from reasonable doubt as to its validity. There he bids on the assurance that there are no undisclosed defects in the title, and, of course, the consideration naturally is regulated by this implied condition. *Crouter v. Crouter,* 133 N. Y. 55, 30 N. E. 726. See note to *Peake v. Renwick,* 33 L. R. A. (N. S.) 409. The same rule seems to obtain in Maine. *Dresser v. Kronberg,* 36 L. R. A. (N. S.) 1218. There is a conflict of authority as

to whether the doctrine applies to sales under decrees in equity, but the great weight of authority is to the effect, as stated by Mr. Freeman in his note to *Burns v. Hamilton's Heirs*, 70 Am. D. 570, 575, that "In equity sales, the purchaser is entitled to receive a title free from equities and incumbrances of which he had no notice, and if by the sale he will not receive such title, he will not, upon his making objection, be compelled to complete the purchase, but will be re-' leased therefrom, unless title be made good or other just relief awarded." See cases collected in note to *Peake v. Renwick*, 33 L. R. A. (N. S.) 409; *Hunting v. Walter*, 33 Md. 60; *Bolivar v. Zeigler*, 9 S. C. 287. Contra, *McManus v. Keith*, 49 Ill. 388; *Owsley v. Heirs of Smith*, 14 Mo. 153.

It seems that the doctrine is not extended to mistakes in the quantity of land where sold by the acre, even though strictly applied to defects in title. *Singleton v. Castleman*, 28 L. R. A. (N. S.) (W. Va.) 393. There is a decided tendency in the decisions to avoid conclusions in the hard application of the doctrine in the early cases, and to apply, where possible, the more just principles which obtain in sales under decrees in equity. The reason ordinarily stated for not applying the doctrine in equity cases is that the court in a sense is the seller and controls the sale up to the very time the conveyance is confirmed. See *Boorum v. Tucker*, 51 N. J. Eq. 135. See also cases collected in notes to *Mount v. Brown*, 69 Am. D. (Miss.) 362, 368, and *Burns v. Hamilton*, 70 Am. D. 570, 574. The court in ordering a sale of land by the guardian exercises complete control over its officer in making the sale, in determining the terms and the matter of its confirmation and the reasons for declaring the doctrine of *caveat emptor* not applicable to sales under equity decrees are precisely as persuasive when applied to guardian sales under the orders of court. A sale under partition proceedings is but a mode by which the parties themselves, through a statutory method, proceed to dispose of property for division of the proceeds among themselves, and this being so, the purchaser

has the same equity against being compelled to go on with his purchase as if the purchase had been made by the parties outside of court, and for this reason, if the purchaser discovers the defect in time to save himself, he is not without remedy. *Smith v. Britton,* 38 N. C. 347, 42 Am. D. 175; *McMichael v. McMichael,* 51 S. C. 555, 29 S. E. 403. In the latter case, it is said that "Although the sale in this case was made by the sheriff, yet it was not a compulsory sale under process of execution, where the rule of *caveat emptor* does apply, but a sale for partition at the instance of the parties, and must be governed by the same process as applied to such sales when made by the commissioner in equity."

The guardian represents the interest of the individual ward. The application for the sale of land is for the interest and advantage of such individual, and the court can properly direct a sale for no other purpose, and, in so doing and fixing the terms, it exercises complete control over its officer, and the sale, after made, may be rejected by the court or confirmed at its election. It seems to be as completely under the control of the court as sales under decrees in equity, and precisely the same reasons obtain for not applying thereto the doctrine of *caveat emptor*. It may be that, where *caveat emptor* applies to sales under execution, and possibly to those by an administrator, on the ground also that there is no one to indemnify the purchaser for any loss he may have sustained; but this is not true with reference to the sale of land owned by one under guardianship. In the latter case, there is always some one who, in good conscience, should indemnify the purchaser when the sale is made under such circumstances as shall indicate that the purchase price in whole or in part has been received for something sold which did not belong to the ward. If it can be said that, in such a case, the ward, through his guardian, should be relieved from restitution when demanded, when under like circumstances an adult would be required to return the purchase money or a pro rata share thereof, we have failed to discover the reason therefor. While

the guardian should not be held to warrant the title of land' sold in behalf of his ward, he should be required by the court, in the interest of common honesty, to convey to the purchaser what, in behalf of the ward, he undertakes to sell, and on failure to do so, should be compelled to make proper reparation. Here, according to the allegations of the petition, the lot was sold as an 'entirety, the easement was alike unknown to the guardian and to the purchaser, and neither negotiated with reference thereto. It was not disclosed in the records of which the abstract was an exemplification, and to permit the ward to profit by the sale of the 12 feet which had previously been appropriated as an easement would be inconsistent with fair dealing and encourage dishonesty on the part of the ward. In a sense, the court, as under decrees in equity, is the seller, and should see to it that the purchaser receives precisely what its officer, the guardian, has bargained, especially when the defect has been discovered before the sale has been confirmed, or, as in this case, before the entire purchase price has been paid. In our opinion, the doctrine of *caveat emptor* should not be extended to sales by guardians under the order of court, and on that ground the demurrer should have been overruled.

The decree of the district court is—*Reversed.*

All the Justices concur.