BYRON GROSS, Executor, Appellant, v. D. A. ANDERSON, Appellee.

**EXECUTORS AND ADMINISTRATORS: Sales—Right of Purchaser to Avoid Sale.** A purely executory contract by an executor (duly authorized by the court to sell real estate) to the effect that he will, by a stated time, furnish the contemplated purchaser with an abstract showing merchantable title, and will convey the land, free of incumbrance, by warranty deed, may not be specifically enforced by the executor, unless he meets and performs the conditions of his contract.

*Appeal from Cherokee District Court.*—WILLIAM HUTCHINSON, Judge.

OCTOBER 24, 1922.

ACTION in equity by plaintiff-executor to compel the defendant to specifically perform an executory contract for the purchase and sale of certain real estate belonging to the estate of decedent for the purpose of securing money to pay the indebtedness of the estate. The issues were determined by the

trial court in favor of the defendant and plaintiff's petition was dismissed at his costs.   From the judgment entered plaintiff appeals.—*Affirmed.*

*Claud M. Smith,* for appellant.

*Molyneux, Maher & Meloy,* for appellee.

DE GRAFF, J.—Plaintiff is the executor of the estate of Laura Alice Gross, deceased.   There was not sufficient personal property to pay the debts owing by decedent and for this reason regular proceedings were had for the sale of the real estate in controversy.

Subsequently to the order of sale a written contract was entered into by and between the plaintiff-executor and the defendant whereby the plaintiff agreed in consideration of the sum of $2,800 to sell and convey as executor certain described real estate to the defendant.   The contract stipulated that the vendee (defendant herein) "is to receive a warranty deed of title, which deed will show free from all liens and incumbrances and an abstract of title brought down to date, which will show a good and merchantable title.   It is also further agreed between the parties that as soon as first party (executor) can give a warranty deed to the above described premises which will convey good title and as soon as all liens are cleared from said premises then second party (vendee) will pay to the clerk of district court of Cherokee County, Iowa the above mentioned sum of $2,800."

It was further stipulated that the clerk should pay out of this sum the claims "approved against the estate and keep the balance on hand subject to the order of the district court."   The vendee also reserved the right to declare the contract null and void in the event that a good title to the premises could not be given on or before September 10, 1921.   The contract was executed June 6, 1921.

The defendant refused to perform by reason of the inability of the executor to deliver the title agreed to be conveyed.   It must be borne in mind that this was not a consummated sale. The agreement was purely executory.   Had the defendant herein

accepted a conveyance from the executor and then refused performance predicated on the same reasons he would occupy a different position. It may be conceded that *caveat emptor* as a general rule applies to the judicial sale of land, and in the absence of fraud or mistake a sale by an administrator or executor under order of court may not be impeached by the purchaser. *Hale v. Marquette,* 69 Iowa 376; 11 Corpus Juris 44. Furthermore an administrator or executor selling land under a decree of court has no authority to warrant the title he sells. *Tilley v. Bridges,* 105 Ill. 336. The purchaser takes nothing more than the title held by the deceased, and cannot rely upon a warranty, either expressed or implied, of the administrative officer. *Stephens v. Boyd,* 157 Iowa 570.

It is not the law, however, that a proposing purchaser of land is bound to perform whether the administrator or executor furnishes him a title in conformity to his written executory contract. The administrator or executor is bound to put himself in a position to convey title before he can require payment on the part of the purchaser. In other words the administrator or executor must comply with the preliminary conditions of his contract the same as a private person. This is an action in equity and unless the vendee has waived the provisions of his contract with respect to title and abstract of title the vendor is in no position to compel specific performance. *Lillienthal v. Bierkamp,* 133 Iowa 42. It is not a matter of strict right.

The obligations are mutual and a vendor must place himself in a position to demand the relief he asks before that relief will be granted in equity. Sufficient to state that the vendor-executor did not comply with the preliminary conditions of the contract and the defendant-vendee properly gave notice of the rescission of the contract as specified therein. The judgment and decree entered by the trial court is—*Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.